On May 4, 1987, the appellant, Richard Ferrell, pled guilty to first-degree escape. The trial court sentenced him, as a habitual offender, to serve a term of life in prison.See § 13A-5-9(c)(2), Ala. Code 1975. On September 7, 2005, the appellant filed a motion for reconsideration of his sentence pursuant to § 13A-5-9.1, Ala. Code 1975. After the Alabama Department of Corrections ("DOC") responded, the circuit court summarily denied the motion. This appeal followed.
The appellant argues that the circuit court improperly determined that he was not eligible for reconsideration of his sentence.[1]
 "There are three requirements for eligibility to have a sentence reconsidered under § 13A-5-9.1: (1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2), see Prestwood[ v. State, 915 So.2d 580 (Ala.Crim.App. 2005)]; and (3) the inmate is a `nonviolent convicted offender.' An inmate must satisfy all three requirements before he or she is eligible for reconsideration of sentence under § 13A-5-9.1."
Holt v. State, [Ms. CR-04-1250, March 3, 2006] ___ So.2d, ___, ___ (Ala.Crim.App. 2006).
On September 15, 2005, the circuit court entered an order in which it found that the appellant satisfied the first two requirements set forth in Holt and ordered DOC to provide information it could use to determine whether the appellant was a nonviolent offender. After DOC responded, the circuit court denied the appellant's motion, stating in part: *Page 164 
 "Upon a review of the records supplied by the Department of Corrections the Court has determined that the Defendant was paroled on this case on June 15, 1992. His parole was revoked on July 5, 2000 and he was sent back to continue serving his sentence. He was paroled again on July 30, 2001. His parole was revoked again on January 31, 2005.
 "Section 13A-5-9.1, Code of Alabama, 1975, as amended, states in part'. . . for consideration of early parole. . . .' This Court finds that the Defendant has already received the benefit of early parole and is therefore not eligible for relief."
(C.R. 57.)
Although the circuit court found that the appellant satisfied the first two eligibility requirements set forth inHolt, it did not determine whether he was a non-violent offender. Rather, it determined that he was not eligible for reconsideration of his sentence because he had previously been paroled. Once eligibility has been determined, the fact that an offender has previously been paroled may be a relevant and material factor to consider when deciding whether to resentence the offender. However, it is not relevant when making the initial determination of whether the offender is eligible to have his sentence reconsidered. Because the circuit court erroneously based its determination that the appellant was not eligible to have his sentence reconsidered on the fact that he had previously been paroled, it erred when it denied his motion on that ground. Accordingly, we reverse the circuit court's judgment and remand this case to the circuit court for that court to set aside its order denying the appellant's motion for reconsideration and to consider the appellant's motion pursuant to this court's holding in Holt.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
[1] In his brief to this court, the appellant also argues that his sentence exceeds the maximum authorized by law because the circuit court allegedly erroneously used one of his prior theft of property convictions to enhance his sentence. However, his argument, which he raises for the first time on appeal, would be cognizable in a Rule 32 petition rather than in a §13A-5-9.1 motion. Therefore, it is not properly before this court.