Bobby White appeals the circuit court's summary denial of his motion made pursuant to § 13A-5-9.1, Ala. Code 1975, to reconsider his two sentences of life imprisonment imposed upon application of the Habitual Felony Offender Act ("the HFOA") for his convictions for first-degree escape and first-degree theft. See Kirby v. State, 899 So.2d 968 (Ala. 2004).
White filed his motion on July 7, 2005, alleging that he was entitled to have his sentences reconsidered because, he said, he was convicted and sentenced before May 25, 2000, the effective date of the 2000 amendment to the HFOA, neither his present convictions nor his prior convictions involved violent conduct, and his prison record reflects his good behavior while in prison. After ordering and receiving information from the Department of Corrections regarding White's prison record, the circuit court summarily denied White's motion, stating:
 "After reviewing the records supplied by the Department of Corrections, the Court has determined that the Defendant was paroled on this case on March 29, 2004. His parole was revoked on February 14, 2005, and he was sent back to continue serving his sentence.
 "Section 13A-5-9.1, Code of Alabama, 1975, as amended, states in part `. . . for consideration of early parole. . . .' This Court finds that the Defendant has already received the benefit of early parole and is therefore not eligible for relief. Accordingly, his Motion to Reconsider Sentence is DENIED."
(C. 75.)[1]
On appeal, White contends, and the State concedes, that the circuit court erred in finding that White was ineligible for sentence reconsideration solely because he had previously been granted parole and that parole had been revoked. As this Court explained in Holt v. State, [Ms. CR-04-1250, March 3, 2006] ___ So.2d ___ (Ala.Crim.App. 2006), there are only three eligibility requirements for sentence reconsideration under § 13A-5-9.1:
 "There are three requirements for eligibility to have a sentence reconsidered under § 13A-5-9.1: (1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2), see Prestwood[v. State, 915 So.2d 580 (Ala.Crim.App. 2005)]; and (3) the inmate is a `nonviolent convicted offender.' An inmate must satisfy all three requirements before he or she is eligible for reconsideration of sentence under § 13A-5-9.1."
___ So.2d at ___. That an inmate has not previously been paroled is not a requirement for eligibility for sentence reconsideration under § 13A-5-9.1, although an inmate's parole history is a factor to be considered in determining whether an inmate is a nonviolent offender and whether to resentence an eligible inmate. See Ferrell v. State,944 So.2d 162 (Ala.Crim.App. 2006). Therefore, the circuit court *Page 438 
erred in finding that White was not eligible for sentence reconsideration solely because he had previously been paroled and that parole had been revoked.
Based on the foregoing, the judgment of the circuit court is reversed and this cause remanded for the circuit court to reconsider White's § 13A-5-9.1 motion in light of this Court's opinion in Holt.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] The circuit court had jurisdiction to consider the motion because the judge who ruled on the motion is the judge who sentenced White. See, e.g., Holt v. State, [Ms. CR-04-1250, March 3, 2006] ___ So.2d ___ (Ala.Crim.App. 2006), and the cases cited therein.