On January 16, 2005, Ken Murphy Vinson filed a motion pursuant to § 13A-5-9.1, *Page 1234 
Ala. Code 1975, asking the circuit court to reconsider his 1993 sentence of life imprisonment imposed after a conviction for escape in the first degree, a Class B felony. See §13A-5-9(c)(2), Ala. Code 1975. The motion was Vinson's first motion for sentence reconsideration; it was filed in the appropriate court (the Elmore Circuit Court) and was properly assigned to the original sentencing judge, Judge John B. Bush.
After obtaining Vinson's prison records from the Department of Corrections ("DOC"), the circuit court issued the following order:
 "This matter is before the Court upon [Vinson's] Motion for Reconsideration of Sentence pursuant to Section 13A-5-9.1 and Kirby [v. State, 899 So.2d 968 (Ala. 2004) ] decision.
 "Upon a review of the records supplied by the Department of Corrections the Court has determined that [Vinson] was paroled on this case on June 2, 1997. His parole was revoked on May 22, 2001. He was paroled again on June 14, 2004, subsequently revoked and he was sent back to continue serving his sentence.
 "Section 13A-5-9.1, Code of Alabama, 1975, as amended, states in part `. . . for consideration of early parole. . . .' This Court finds that [Vinson] has already received the benefit of early parole and is therefore not eligible for relief.
 "DONE and ORDERED this 20th day of May, 2006."
(CR. 44.)
Vinson appeals claiming that the trial court was in error finding him ineligible for resentencing under § 13A-5-9.1, Ala. Code 1975. We agree.
 "There are three requirements for eligibility to have a sentence reconsidered under § 13A-5-9.1: (1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the [Habitual Felony Offender Act] became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2) . . .; and (3) the inmate is a `nonviolent convicted offender.' An inmate must satisfy all three requirements before he or she is eligible for reconsideration of sentence under § 13A-5-9.1."
Holt v. State, [Ms. CR-04-1250, March 3, 2006] ___ So.2d ___, ___ (Ala.Crim.App. 2006) (on application for rehearing).
The record reflects on its face that Vinson satisfied the first two eligibility requirements set forth in Holt:
however, the trial court must also determine whether Vinson is a nonviolent offender, and the trial court failed to make that determination. Thus, this Court's opinion in Ferrell v.State, 944 So.2d 162 (Ala.Crim.App. 2006), is dispositive of this appeal. In Ferrell we stated:
 "Although the circuit court found that the appellant satisfied the first two eligibility requirements set forth in Holt, it did not determine whether he was a nonviolent offender. Rather, it determined that he was not eligible for reconsideration of his sentence because he had previously been paroled. Once eligibility has been determined, the fact that an offender has previously been paroled may be a relevant and material factor to consider when deciding whether to resentence the offender. However, it is not relevant when making the initial determination of whether the offender is eligible to have his sentence reconsidered. Because the circuit court erroneously based its determination that the appellant was not eligible to have his sentence reconsidered on the fact that he had previously been paroled, it erred *Page 1235 
when it denied his motion on that ground."
Ferrell v. State, 944 So.2d at 164.
Accordingly, as in Ferrell, 944 So.2d at 164, "we reverse the circuit court's judgment and remand this case to the circuit court for that court to set aside its order denying [Vinson's] motion for reconsideration and to consider [Vinson's] motion pursuant to this court's holding in Holt."
REVERSED AND REMANDED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.