William Turrentine appeals the circuit court's summary denial of his motion made pursuant to § 13A-5-9.1, Ala. Code 1975, to reconsider his sentence of life imprisonment imposed upon application of the Habitual Felony Offender Act ("HFOA") for his 1994 conviction for escape in the first degree. SeeKirby v. State, 899 So.2d 968 (Ala. 2004).
On appeal, Turrentine's appointed counsel has filed a "no-merit" brief in substantial compliance with Anders v.California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), in which counsel states that he has reviewed the record and can find no meritorious issues upon which to base an appeal. Turrentine was afforded an opportunity to present pro se issues to his counsel and to this Court, but he has not done so. We have reviewed the record; we conclude that the circuit court's judgment must be reversed.
In his motion, Turrentine alleged that he was entitled to have his sentence reconsidered because, he said, he was convicted and sentenced before May 25, 2000, the effective date of the 2000 amendment to the HFOA, he was a nonviolent offender, and both the facts of his case and his prison record support resentencing. After ordering and receiving information from the Department of Corrections regarding Turrentine's prison record, the circuit court summarily denied Turrentine's motion, stating:
 "Upon a review of the records supplied by the Department of Corrections the Court has determined that the Defendant was paroled on this case on August 2, 1999. His parole was revoked on July 9, 2003, and he was sent back to continue serving his sentence. He was again paroled on January 24, 2005, and again revoked on March 6, 2006.
 "Section 13A-5-9.1, Code of Alabama, 1975, as amended, states in part'. . . for consideration of early parole. . . .' This Court finds that the Defendant has already received the benefit of early parole and is therefore not eligible for relief."
(C. 74.)
The circuit court erred in finding that Turrentine was ineligible for sentence reconsideration solely because he had previously been granted parole and that parole had been revoked. There are only three eligibility requirements for sentence reconsideration under § 13A-5-9.1:
 "(1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2), see Prestwood[v. State, 915 So.2d 580 (Ala.Crim.App. *Page 297 
2005)]; and (3) the inmate is a `nonviolent convicted offender.'"
Holt v. State, 960 So.2d 726, 734-35
(Ala.Crim.App. 2006). "That an inmate has not previously been paroled is not a requirement for eligibility for sentence reconsideration under § 13A-5-9.1, although an inmate's parole history is a factor to be considered in determining whether an inmate is a nonviolent offender and whether to resentence an eligible inmate." White v. State,947 So.2d 436, 437 (Ala.Crim.App. 2006). See also Vinson v.State, 950 So.2d 1233 (Ala.Crim.App. 2006), and Ferrellv. State, 944 So.2d 162 (Ala.Crim.App. 2006). Therefore, the circuit court erred in finding that Turrentine was not eligible for sentence reconsideration solely because he had previously been paroled and that parole had been revoked.
Based on the foregoing, the judgment of the circuit court is reversed and this cause remanded for the circuit court to reconsider Turrentine's § 13A-5-9.1 motion in light of this Court's opinion in Holt.
REVERSED AND REMANDED.
 BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ., concur. *Page 910