BASCHAB, Presiding Judge.
On April 16, 1996, the appellant, Robert Ray Thompson, pled guilty to one count of unlawful distribution of a controlled substance in case number CC-94-429, one count of third-degree robbery in case number CC-95-831, and one count of third-degree robbery in case number CC-96-339. The trial court sentenced him, as a habitual offender, to serve concurrent terms of life in prison. See § 13A-5-9(c), Ala.Code 1975. On May 22, 2006, the appellant filed a motion for reconsideration of his sentences pursuant to § 13A-5-9.1, Ala.Code 1975. Without requiring a response, the circuit court summarily denied the motion. This appeal followed.
*730 The appellant argues that the circuit court erred when it denied his motion to reconsider his sentence in case number CC-94-429. In its order denying the petition, the circuit court found as follows:
“The defendant has filed a Motion pursuant to § 13A-5-9.1, Code of Alabama 1975, for the Court to apply amended § 13A-5-9 retroactively to modify his life sentences in each of the above numbered cases. For the reasons set forth below, the defendant does not qualify for a retroactive modification of those sentences.
“The Morgan County grand jury indicted the defendant for the unlawful sale of cocaine in Case No. CC 94-429, for two counts of first degree robbery in Case No. CC 95-831 and for one count of first degree robbery in Case No. CC 96-339. Having at least four prior felony convictions and being faced with the prospects of two mandatory life without parole sentences if convicted of robbery in the first degree, a Class A felony, in Case Nos. CC 95-831 and CC 96-339, the defendant negotiated the following-plea agreement with the State: he would plead guilty to third degree robbery, a lesser included offense, in each of Case Nos. CC 95-831 and CC 96-339 and to the unlawful sale of cocaine, a Class B felony, in Case No. CC 94-429. In consideration of these pleas, the State agreed to recommend that he be sentenced to life imprisonment on each conviction to run concurrent with each other. The Court accepted the proposed agreement and upon the defendant’s pleas of guilty, sentenced him in accordance with the State’s recommendation.
“There are only two classes of convicted defendants who qualify for retroactive modification of them sentences imposed pursuant to the Habitual Felony Offender Act (HFOA): those sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions; and those sentenced to mandatory life imprisonment under the mandatory provisions of the HFOA upon conviction of a Class B felony. In Case Nos. CC 95-831 and CC 96-339, the defendant does not fall into either of these classes because he was convicted of Class C felonies which had a punishment range under the HFOA of fifteen years minimum to life or 99 years maximum.
“While the defendant did receive the mandatory life sentence under the HFOA on his conviction for the unlawful sale of cocaine, a Class B felony, in Case No. CC 94-429, a retroactive reduction of that concurrent sentence pursuant to § 13A-5-9.1 would be a useless act and serve no purpose. The defendant would still have to serve the life sentences imposed in the other two cases on his third degree robbery convictions because the Court has no authority to modify those sentences.
“The Court is satisfied, therefore, that the defendant is not qualified as a matter of law to have his three life sentences modified pursuant to § 13A-5-9.1, Code. It is ORDERED AND ADJUDGED by the Court that his Motion for court ordered evaluation by the Department of Corrections and for the retroactive modification of his sentences is denied.”
(C.R. 43-44.)
 With regard to case number CC-95-831 and case number CC-96-339, we agree with the circuit court’s finding that the appellant was not eligible for reconsideration of his sentences. With regard to case number CC-94-429, we addressed a similar situation in Ferrell v. State, 944 So.2d 162, 163-64 (Ala.Crim.App.2006), as follows:
*731 “The appellant argues that the circuit court improperly determined that he was not eligible for reconsideration of his sentence.
“ ‘There are three requirements for eligibility to have a sentence reconsidered under § 13A-5-9.1: (1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2), see Prestwood, [ v. State, 915 So.2d 580 (Ala.Crim.App.2005) ]; and (3) the inmate is a “nonviolent convicted offender.” An inmate must satisfy all three requirements before he or she is eligible for reconsideration of sentence under § 13A-5-9.1.’
“Holt v. State, 960 So.2d 726, 734-735 (Ala.Crim.App.2006).
“On September 15, 2005, the circuit court entered an order in which it found that the appellant satisfied the first two requirements set forth in Holt and ordered DOC to provide information it could use to determine whether the appellant was a nonviolent offender. After DOC responded, the circuit court denied the appellant’s motion, stating in part:
“ ‘Upon a review of the records supplied by the Department of Corrections the Court has determined that the Defendant was paroled on this case on June 15, 1992. His parole was revoked on July 5, 2000 and he was sent back to continue serving his sentence. He was paroled again on July 30, 2001. His parole was revoked again on January 31, 2005.
“ ‘Section 13A-5-9.1, Code of Alabama, 1975, as amended, states in part “... for consideration of early parole.... ” This Court finds that the Defendant has already received the benefit of early parole and is therefore not eligible for relief.’
“(C.R. 57.)
“Although the circuit court found that the appellant satisfied the first two eligibility requirements set forth in Holt, it did not determine whether he was a nonviolent offender. Rather, it determined that he was not eligible for reeo'n-.sideration of his sentence because he had previously been paroled. Once eligibility has been determined, the fact that an offender has previously been paroled may be a relevant and material factor to consider when deciding whether to resentence the offender. However, it is not relevant when making the initial determination of whether the offender is eligible to have his sentence reconsidered. Because the circuit court erroneously based its determination that the appellant was not eligible to have his sentence reconsidered on the fact that he had previously been paroled, it erred when it denied his motion on that ground. Accordingly, we reverse the circuit court’s judgment and remand this case to the circuit court for that court to set aside its order denying the appellant’s motion for reconsideration and to consider the appellant’s motion pursuant to this court’s holding in Holt.”
(Footnote omitted.) See also Vinson v. State, 950 So.2d 1233 (Ala.Crim.App.2006); White v. State, 947 So.2d 436 (Ala.Crim. App.2006).
In case number CC-94-429, the record indicates that the appellant satisfied the first two eligibility requirements set forth in Holt. However, the circuit court did not determine whether he was a nonviolent offender. Rather, it found that he was not eligible for reconsideration of his sentence in case number CC-94-429 based on its *732 determination that resentencing him would be pointless because he was also serving life sentences in two other cases. Once eligibility has been determined, the fact that resentencing the offender in a particular case would be pointless because he is also serving another sentence may be a relevant and material factor to consider when deciding whether to resentence him. However, it is not relevant when making the initial determination of whether the offender is eligible to have his sentence reconsidered. Therefore, the circuit court erroneously based its determination that the appellant was not eligible to have his sentence in case number CC-94^129 reconsidered on the fact that it would be pointless because he was also serving life sentences in two other cases. See Vinson, supra; White, supra; Ferrell, supra. Accordingly, we affirm the circuit court’s judgment as to case number CC-95-831 and case number CC-96-339; reverse the circuit court’s judgment as to case number CC-94-429; and remand this case as to case number CC-94-429 for the circuit court to consider the appellant’s motion pursuant to this court’s holding in Holt.
AFFIRMED AS TO CASE NUMBER CC-95-831 AND CASE NUMBER CC-96-339; REVERSED AND REMANDED AS TO CASE NUMBER CC-94^29.
McMILLAN, SHAW, WISE, and WELCH, JJ., concur.