8 So.3d 1026 (2008)
Ernest Lee BRIGGINS
v.
STATE of Alabama.
CR-07-0691.
Court of Criminal Appeals of Alabama.
September 26, 2008.
*1027 Ernest Lee Briggins, pro se.
Troy King, atty. gen., and Marc A. Starrett, asst. atty. gen., for appellee.
McMILLAN, Judge.
The appellant, Ernest Lee Briggins, appeals from the denial of his motion to reconsider his sentence, made pursuant to § 13A-5-9.1, Ala.Code 1975. In the motion, Briggins sought reconsideration of his three concurrent sentences of life imprisonment on three prior Class B felony convictions for the unlawful distribution of a controlled substance, after having been convicted and sentenced as a habitual felony offender, on a fourth Class B felony, to life imprisonment.
Briggins filed this, his fourth, motion for reconsideration in the circuit court on November 28, 2007, alleging that his sentence should be reevaluated pursuant to § 13A-5-9, as modified by § 13A-5-9.1, and pursuant to the Supreme Court's holding in Kirby v. State, 899 So.2d 968 (Ala.2004), simply because he was eligible for sentence reconsideration. Briggins, however, provided no grounds to support the reevaluation of his sentence other than that he was "eligible for reconsideration."
On December 21, 2007, the trial court, with Judge Teresa Pulliam presiding, denied the motion by the following entry in its case action summary sheet:
"12-21-07 Kirby is denied as successive and on same grounds as set forth in Judge Vowell/J. Hard's order of 6-27-7.
"/s/ T. Pulliam"
Although Judge Pulliam was not the sentencing judge in Briggins's case and was not the presiding judge of the Jefferson Circuit Court, it appears from the record that she was allowed to rule on the instant motion for resentencing based upon authorization from Judge Vowell, the presiding judge of Jefferson County, who had participated along with Judge Hard in a previous June 27, 2007, denial of Briggins's motion for resentencing.
*1028 The initial order issued by the trial court, Judge Vowell and Judge Hard, on June 27, 2007, denying Briggins's third motion for reconsideration, contained the following handwritten notation on the case action summary sheet:
"6-27-07 Kirby motion is Denied "Subject paroled 6/28/04, became delinquent 3/7/07 & was revoked 5/07[.]
"/s/ James Hard
/s/ Scott Vowell, Presiding Judge."
(C.7.)
It is well settled that "[a] petitioner does not have a right to have his sentence reduced pursuant to § 13A-5-9.1, Ala.Code 1975." Hastings v. State, 938 So.2d 974, 975 (Ala.Crim.App.2005) (emphasis added). Additionally, this Court "will not second-guess [the trial] court's discretionary decision" in determining whether to resentence an inmate under § 13A-5-9.1. Prestwood v. State, 915 So.2d 580, 583 (Ala.Crim.App.2005).
Here, however, the trial court erred in finding that Briggins was ineligible for sentence reconsideration merely because his parole had been revoked. See White v. State, 947 So.2d 436, 437 (Ala. Crim.App.2006); Ferrell v. State, 944 So.2d 162 (Ala.Crim.App.2006). Additionally, the trial court erred in finding that Briggins was ineligible for sentence reconsideration on grounds that his motion was successive based on the grounds set forth in the trial court's June 27, 2007, order. Cf. Ex parte Gunn, 993 So.2d 433 (Ala. 2007). In Gunn, the Supreme Court held that the trial court has subject-matter jurisdiction to consider a successive § 13A-5-9.1 motion, overruling, in part, this Court's decision in Wells v. State, 941 So.2d 1008, 1009 (Ala.Crim.App.2005), to the extent that it violates Kirby, supra. Although the Court in Gunn declined, by implication, to decide whether § 13A-5-9.1 allows or requires the trial court to limit its jurisdiction to one motion per defendant, that question is not before this Court because the trial court found the petition to be successive on insufficient grounds, that is, Briggins was a parole violator. We, therefore, remand this case to the trial court for further findings consistent with this opinion.
Due return shall be made within 45 days of the release of this opinion.
REVERSED AND REMANDED.
WISE and WELCH, JJ., concur. SHAW, J., dissents, with opinion, which BASCHAB, P.J., joins.
SHAW, Judge, dissenting.
In neither the trial court's December 21, 2007, order denying Ernest Lee Briggins's current motion for reconsideration of his sentence, nor in the trial court's June 27, 2007, order denying Briggins's previous motion for reconsideration on which the trial court relied in part in its December 21, 2007, order, did the trial court state that Briggins was ineligible for sentence reconsideration because of the revocation of his parole, as was the case in both White v. State, 947 So.2d 436 (Ala.Crim.App. 2006), and Ferrell v. State, 944 So.2d 162 (Ala.Crim.App.2006). Rather, it appears to me that the trial court, in denying both the present motion and the previous motion, found that Briggins was eligible for sentence reconsideration, but simply declined to resentence Briggins, at least in part because of his parole history.
As this Court noted in Holt v. State, 960 So.2d 726, 735 n. 3 (Ala.Crim.App.2006): "[A] circuit court is not required to resentence an inmate merely because it determines that the inmate is eligible for reconsideration of his or her sentence." Whether to resentence an eligible inmate is entirely within the discretion of the trial court, see, e.g., Prestwood v. State, 915 So.2d 580 (Ala.Crim.App.2005), and nothing *1029 in § 13A-5-9.1, Ala.Code 1975, Kirby v. State, 899 So.2d 968 (Ala.2004), White, supra, or Ferrell, supra, prohibits a trial court from considering and relying on an inmate's parole history in refusing to resentence that inmate. To the contrary, in White, this Court specifically recognized that "an inmate's parole history is a factor to be considered in determining whether an inmate is a nonviolent offender and whether to resentence an eligible inmate." 947 So.2d at 437 (emphasis added). I would affirm the trial court's judgment; therefore, I respectfully dissent.
BASCHAB, P.J., joins.