SHAW, Judge,
dissenting.
In neither the trial court’s December 21, 2007, order denying Ernest Lee Briggins’s current motion for reconsideration of his sentence, nor in the trial court’s June 27, 2007, order denying Briggins’s previous motion for reconsideration on which the trial court relied in part in its December 21, 2007, order, did the trial court state that Briggins was ineligible for sentence reconsideration because of the revocation of his parole, as was the case in both White v. State, 947 So.2d 436 (Ala.Crim.App.2006), and Ferrell v. State, 944 So.2d 162 (Ala.Crim.App.2006). Rather, it appears to me that the trial court, in denying both the present motion and the previous motion, found that Briggins was eligible for sentence reconsideration, but simply declined to resentence Briggins, at least in part because of his parole history.
As this Court noted in Holt v. State, 960 So.2d 726, 735 n. 3 (Ala.Crim.App.2006): “[A] circuit court is not required to resen-tence an inmate merely because it determines that the inmate is eligible for reconsideration of his or her sentence.” Whether to resentence an eligible inmate is entirely within the discretion of the trial court, see, e.g., Prestwood v. State, 915 So.2d 580 (Ala.Crim.App.2005), and noth *1029 ing in § 13A-5-9.1, Ala.Code 1975, Kirby v. State, 899 So.2d 968 (Ala.2004), White, supra, or Ferrell, supra, prohibits a trial court from considering and relying on an inmate’s parole history in refusing to re-sentence that inmate. To the contrary, in White, this Court specifically recognized that “an inmate’s parole history is a factor to be considered in determining whether an inmate is a nonviolent offender and whether to resentence an eligible inmate.” 947 So.2d at 437 (emphasis added). I would affirm the trial court’s judgment; therefore, I respectfully dissent.
BASCHAB, P.J., joins.