WISE, Presiding Judge.
The appellant, Feion Judio McQuieter, entered a plea of guilty to murder. The trial court sentenced him to serve a term of twenty years in prison, but split the sentence and ordered him to serve four years followed by five years on supervised probation. On September 13, 2007, the circuit court revoked McQuieter’s probation. On June 22, 2010, McQuieter filed a “Petition for Resentencing Pursuant to § 15-22-54.1 (Technical Violation of Probation).” Without requiring a response, the circuit court summarily denied the petition. This appeal followed.
McQuieter argues that the circuit court erroneously denied his petition on the ground that it did not have jurisdiction to modify the term of his sentence. Section 15-22-54.1, Ala.Code 1975, provides:
“(a) Any person convicted of a nonviolent offense now serving a prison sentence based on revocation of probation as a result of only technical violations shall be entitled, to be resentenced upon petition to the sentencing court. Such petition shall be on a form and filed in the manner prescribed by the Administrative Office of Courts. Petitions shall be considered authorized motions for modification of sentence, assigned a unique identifier by the Administrative Office of Courts, and shall not require payment of a filing fee.
“(b) The court shall have jurisdiction to resentence the offender in accordance with the terms of this section, upon a showing of the following:
“(1) The offender successfully completed the terms of probation for six months.
“(2) Probation was thereafter revoked and the offender was sentenced to the penitentiary only as a result of technical violations of probation.
“(3) The offender has no disciplinary infractions while serving the sentence in the penitentiary.
“(4) The offender has no pending charges or convictions for a new offense.”
(Emphasis added.) In its order dismissing the petition, the circuit court found as follows:
“This matter comes before the Court on [McQuieter’s] Petition for Resentencing Pursuant to 15-22-51.1 (Technical Violation of Probation).
“[McQuieter] was revoked for 20 years. This is a ‘straight sentence.’ The Court no longer has jurisdiction to modify the term of the sentence as it would with a split sentence. Thus, [McQuieter’s] Motion is DENIED.”
(C.R. 16.)
In Thompson v. State, 967 So.2d 729, 730-32 (Ala.Crim.App.2007), we addressed a similar situation with regard to motions *927 to reconsider sentences pursuant to § 13A-5-9.1, Ala.Code 1975, as follows:
“The appellant argues that the circuit court erred when it denied his motion to reconsider his sentence in case number CC-94^429. In its order denying the petition, the circuit court found as follows:
“ ‘The defendant has filed a Motion pursuant to § 13A-5-9.1, Code of Alabama 1975, for the Court to apply amended § 13A-5-9 retroactively to modify his life sentences in each of the above numbered cases. For the reasons set forth below, the defendant does not qualify for a retroactive modification of those sentences.
“ ‘The Morgan County grand jury indicted the defendant for the unlawful sale of cocaine in Case No. CC 94-429, for two counts of first degree robbery in Case No. CC 95-831 and for one count of first degree robbery in Case No. CC 96-339. Having at least four prior felony convictions and being faced with the prospects of two mandatory life without parole sentences if convicted of robbery in the first degree, a Class A felony, in Case Nos. CC 95-831 and CC 96-339, the defendant negotiated the following plea agreement with the State: he would plead guilty to third degree robbery, a lesser included offense, in each of Case Nos. CC 95-831 and CC 96-339 and to the unlawful sale of cocaine, a Class B felony, in Case No. CC 94^429. In consideration of these pleas, the State agreed to recommend that he be sentenced to life imprisonment on each conviction to run concurrent with each other. The Court accepted the proposed agreement and upon the defendant’s pleas of guilty, sentenced him in accordance with the State’s recommendation.
“ ‘There are only two classes of convicted defendants who qualify for retroactive modification of their sentences imposed pursuant to the Habitual Felony Offender Act (HFOA): those sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions; and those sentenced to mandatory life imprisonment under the mandatory provisions of the HFOA upon conviction of a Class B felony. In Case Nos. CC 95-831 and CC 96-339, the defendant does not fall into either of these classes because he was convicted of Class C felonies which had a punishment range under the HFOA of fifteen years minimum to life or 99 years maximum.
“ ‘While the defendant did receive the mandatory life sentence under the HFOA on his conviction for the unlawful sale of cocaine, a Class B felony, in Case No. CC 94-429, a retroactive reduction of that concurrent sentence pursuant to § 13A-5-9.1 would be a useless act and serve no purpose. The defendant would still have to serve the life sentences imposed in the other two cases on his third degree robbery convictions because the Court has no authority to modify those sentences.
“ ‘The Court is satisfied, therefore, that the defendant is not qualified as a matter of law to have his three life sentences modified pursuant to § 13A-5-9.1, Code. It is ORDERED AND ADJUDGED by the Court that his Motion for court ordered evaluation by the Department of Corrections and for the retroactive modification of his sentences is denied.’
“(C.R. 43-44.)
*928 “With regard to case number CC-95-831 and case number CC-96-339, we agree with the circuit court’s finding that the appellant was not eligible for reconsideration of his sentences. With regard to case number CC-94-429, we addressed a similar situation in Ferrell v. State, 944 So.2d 162, 163-64 (Ala.Crim.App.2006), as follows:
“ ‘The appellant argues that the circuit court improperly determined that he was not eligible for reconsideration of his sentence.
“ ‘ “There are three requirements for eligibility to have a sentence reconsidered under § 13A-5-9.1: (1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2), see Prestwood [v. State, 915 So.2d 580 (Ala.Crim.App.2005) ]; and (3) the inmate is a ‘nonviolent convicted offender.’ An inmate must satisfy all three requirements before he or she is eligible for reconsideration of sentence under § 13A-5-9.1.”
“ ‘Holt v. State, 960 So.2d 726, 734-35 (Ala.Crim.App.2006).
“ ‘On September 15, 2005, the circuit court entered an order in which it found that the appellant satisfied the first two requirements set forth in Holt and ordered DOC [the Alabama Department of Corrections] to provide information it could use to determine whether the appellant was a nonviolent offender. After DOC responded, the circuit court denied the appellant’s motion, stating in part:
“ ‘ “Upon a review of the records supplied by the Department of Corrections the Court has determined that the Defendant was paroled on this case on June 15, 1992. His parole was revoked on July 5, 2000 and he was sent back to continue serving his sentence. He was paroled again on July 30, 2001. His parole was revoked again on January 31, 2005.
“ ‘ “Section 13A-5-9.1, Code of Alabama, 1975, as amended, states in part ‘... for consideration of early parole.... ’ This Court finds that the Defendant has already received the benefit of early parole and is therefore not eligible for relief.”
“ ‘(C.R. 57.)
“ ‘Although the circuit court found that the appellant satisfied the first two eligibility requirements set forth in Holt, it did not determine whether he was a nonviolent offender. Rather, it determined that he was not eligible for reconsideration of his sentence because he had previously been paroled. Once eligibility has been determined, the fact that an offender has previously been paroled may be a relevant and material factor to consider when deciding whether to resentence the offender. However, it is not relevant when making the initial determination of whether the offender is eligible to have his sentence reconsidered. Because the circuit court erroneously based its determination that the appellant was not eligible to have his sentence reconsidered on the fact that he had previously been paroled, it erred when it denied his motion on that ground. Accordingly, we reverse the circuit court’s judgment and remand this case to the circuit court for that court to set aside its order deny *929 ing the appellant’s motion for reconsideration and to consider the appellant’s motion pursuant to this court’s holding in Holt.’
“(Footnote omitted.) See also Vinson v. State, 950 So.2d 1233 (Ala.Crim.App.2006); White v. State, 947 So.2d 436 (Ala.Crim.App.2006).
“In case number CC-94-429, the record indicates that the appellant satisfied the first two eligibility requirements set forth in Holt. However, the circuit court did not determine whether he was a nonviolent offender. Rather, it found that he was not eligible for reconsideration of his sentence in case number CC-94-429 based on its determination that resentencing him would be pointless because he was also serving life sentences in two other cases. Once eligibility has been determined, the fact that resen-tencing the offender in a particular case would be pointless because he is also serving another sentence may be a relevant and material factor to consider when deciding whether to resentence him. However, it is not relevant when making the initial determination of whether the offender is eligible to have his sentence reconsidered. Therefore, the circuit court erroneously based its determination that the appellant was not eligible to have his sentence in case number CC-94-429 reconsidered on the fact that it would be pointless because he was also serving life sentences in two other cases. See Vinson, supra; White, supra; Ferrell, supra. Accordingly, we affirm the circuit court’s judgment as to case number CC-95-831 and case number CC-96-339; reverse the circuit court’s judgment as to case number CC-94-429; and remand this case as to case number CC-94-429 for the circuit court to consider the appellant’s motion pursuant to this court’s holding in Holt.”
Contrary to the circuit court’s findings, § 15-22-54.1, Ala.Code 1975, specifically gives courts jurisdiction to resentence eligible persons who have had their probation revoked based upon technical violations. Therefore, the circuit court erroneously found that it did not have jurisdiction to modify McQuieter’s sentence solely because he had been revoked and his sentence was now a “straight sentence.” Also, the record does not indicate that the circuit court determined whether McQuieter satisfied the eligibility requirements set forth in § 15-22-54(b), Ala.Code 1975. Accordingly, we remand this case for the circuit court to consider McQuieter’s petition pursuant to § 15-22-54.1, Ala.Code 1975. See Thompson v. State, 967 So.2d 729, 730-32 (Ala.Crim.App.2007).
REVERSED AND REMANDED.
WELCH, KELLUM, and MAIN, JJ„ concur. WINDOM, J., concurs in the result.

On Return to Remand

BURKE, Judge.
Feion Judio McQuieter argued that the circuit court improperly revoked his probation from his guilty-plea conviction for murder. He had been sentenced to a 20-year split sentence and had been ordered to serve 4 years of incarceration followed by 5 years of probation. McQuieter had filed a petition requesting that the circuit court resentence him under § 15-22-54.1. The circuit court denied McQuieter’s petition and held that it lacked jurisdiction to modify McQuieter’s sentence because the revocation resulted in a straight sentence. On December 17, 2010, this Court determined that circuit courts have jurisdiction to resentence eligible offenders whose probation had been revoked based on technical violations that resulted in straight sentences. This Court further found that, because the circuit *930 court summarily denied McQuieter’s petition based solely on its lack of jurisdiction, and because “the record does not indicate that the circuit court determined whether McQuieter satisfied the eligibility requirements,” this cause was due to be remanded. McQuieter v. State, 88 So.3d 925, 929 (Ala.Crim.App.2010).
On January 6, 2011, the circuit court filed its record and supplemental record on return to remand, which contained its order finding that McQuieter was not an eligible offender because he had pleaded guilty to felony murder on May 2, 2003, specifically to having, during the course of a kidnapping or flight therefrom, caused the death of the victim by shooting him. Therefore, McQuieter was not convicted of a nonviolent offense and was not eligible for sentence modification pursuant to § 15-22-54.1, Ala.Code 1975. The circuit court again ordered that McQuieter’s petition be denied.
The circuit court properly denied McQuieter’s petition because the court lacked jurisdiction to resentence him as McQuieter did not qualify as an eligible offender under § 15-22-54.1(a),[1] which requires:
“(a) Any person convicted of a nonviolent offense now serving a prison sentence based on revocation of probation shall be entitled to be resentenced upon petition to the sentencing court.”
Because murder is a violent offense under § 12-25-32, Ala.Code 1975, McQuieter was not convicted of a nonviolent offense. Therefore, because McQuieter was a violent offender, the circuit court lacked jurisdiction to resentence him and its decision is due to be affirmed.
AFFIRMED.
WELCH, P.J., and WINDOM, KELLUM, and JOINER, JJ., concur.

. Effective June 14, 2011, this subsection was amended to read: "(a) Any person now serving a prison sentence based on revocation of probation who would have been an eligible offender as defined in Section 15-22-54 at the time of revocation shall be entitled to be re-sentenced upon petition to the sentencing court.”