BOLIN, Justice.
We granted certiorari review in order to determine whether the Alabama Court of Criminal Appeals erred in declining to review the circuit court’s refusal to consider Joseph Lester Pate’s motion for sentence modification.

Facts and Procedural History

Following a 1987 conviction for first-degree theft of property and his unsuccessful direct appeal of that conviction, see Pate v. State, 537 So.2d 76 (Ala.Crim.App. 1988) (table), Pate filed a Rule 32, Ala. R. Crim P., petition. The circuit court summarily denied his Rule 32 petition, in which Pate challenged his 1987 conviction and his sentence, as a habitual felony offender, to life imprisonment.
On June 4, 2010, Pate filed a second Rule 32 petition. In the petition, Pate asserted the following claims: 1) that his sentence is illegal because, he says, the trial court improperly used two of his prior controlled-substance convictions for sentence enhancement and the Uniform Controlled Substance Act (§ 20-2-1 et seq., Ala.Code 1975), which he says has its own sentencing scheme, applies to those two convictions, and 2) that the State failed to provide notice that it intended to proceed *1255 under the Habitual Felony Offender Act for sentence enhancement. Pate submitted an affidavit with his petition in which he alleged that the attorney who represented him in the underlying criminal proceeding had a conflict of interest because the attorney was subsequently arrested on drug-related charges.
On July 26, 2010, the State filed a motion to dismiss, asserting that the petition is barred by Rule 32.2(a)(3) because those claims could have been, but were not, raised at trial, by Rule 32.2(a)(5) because those claims could have been, but were not, raised on appeal, and by Rule 32.2(b) as a successive petition and asserting that Pate’s claims are without merit. On August 4, 2010, Pate filed a response to the State’s motion to dismiss. On August 23, 2010, Pate filed a motion to amend his Rule 32 petition. On September 20, 2010, Pate filed a motion for sentence modification pursuant to § 13A-5-9.1, Ala.Code 1975.
The circuit judges of the 24th Judicial Circuit recused themselves from this case, and on October 22, 2010, Judge Bradley Almond of Tuscaloosa County was appointed to hear this case. On November 4, 2010, Judge Almond issued an order denying Pate’s Rule 32 petition as procedurally barred by Rule 32.2(a)(3) and (a)(5) and stating the following:
“Additionally, in reviewing the AlaC-ourt electronically scanned case file materials in this case, it is apparent that the instant Rule 32 petition is not the first petition for postconviction relief [Pate] has filed. A previous postconviction petition, filed on July 24,1989, similarly attacked the application of the Habitual Felony Offender Act to him in this case. Therefore, Rule 32.2(b) also operates as a bar to this petition since that section mandates that ‘[t]he court shall not grant relief on a successive petition on the same or similar grounds on behalf of the same petitioner.’
[[Image here]]
“In addition to the Rule 32 petition, [Pate] has also filed a motion for sentence modification under § 13A-5-9.1, Ala.Code (Act No. 2001-977), which bears the date stamp of September 20, 2010. This Court notes, however, that on June 3, 2010, [Pate] filed the same Kirby [v. State, 899 So.2d 968 (Ala. 2004),] type motion. On June 9, 2010, the Pickens County Circuit Judge ‘denied’ the motion by handwriting that ruling on the face of the motion. That prior filing, and ruling, prevents this Court from considering the motion....”
The Court of Criminal Appeals affirmed the circuit court’s denial of Pate’s Rule 32 petition, without an opinion. Pate v. State (No. CR-10-0227, June 17, 2011), 107 So.3d 233 (Ala.Crim.App.2011) (table). Addressing Pate’s argument regarding his sentence-modification request, the Court of Criminal Appeals stated in its unpublished memorandum:
“To the extent that Pate argues that the circuit court erred in denying his motion for sentence reconsideration, we note that a request for sentence reconsideration is not a claim cognizable in a Rule 32 petition. See, e.g., Kirby v. State, 899 So.2d 968 (Ala.2004); Ferrell v. State, 944 So.2d 162, 163 (Ala.Crim. App.2006). Thus, Pate’s motion for sentence reconsideration should not have been filed as part of his Rule 32 petition. Rather, such a request should have been filed independently of any claims cognizable in a Rule 32 petition. Therefore, this claim is not properly before this Court for review.”
The Court of Criminal Appeals’ legal conclusion, based on the given set of facts, that Pate’s claim was not properly before it is a question of law that is reviewed de *1256 novo. Ex parte T.D.M., 117 So.3d 933 (Ala.2011).

Discussion

Pate contends that in not addressing the denial of his motion for sentence reconsideration the Court of Criminal Appeals incorrectly applied the law to the facts of his case. The record indicates that Pate filed his Rule 32 petition on June 4, 2010, and that he amended his Rule 32 petition on August 23, 2010. Pate did not raise the issue of sentence modification in his Rule 32 petition, nor did he raise that issue in the amendment to the petition. Pate filed a separate motion on September 20, 2010, seeking a modification of his sentence. The circuit court addressed both motions in one order. The Court of Criminal Appeals concluded that Pate’s motion for sentence modification was not properly before it for appellate review because a request for sentence modification is not a claim cognizable in a Rule 32 petition. Because the record supports Pate’s claim that his request for sentence modification was made in a separate motion, the Court of Criminal Appeals erred in concluding that the claim was not proper for appellate review. Accordingly, we reverse its judgment to the extent it held that the trial court’s ruling on Pate’s request for sentence reconsideration was not properly before it, and we remand the case for the Court of Criminal Appeals to review the circuit court’s denial of Pate’s motion for sentence modification.
REVERSED AND REMANDED.
MALONE, C.J., and WOODALL, STUART, PARKER, MURDOCK, SHAW, MAIN, and WISE, JJ., concur.