MAIN, Justice.
Joseph Lester Pate petitioned this Court for a writ of certiorari to review the Court of Criminal Appeals’ affirmance by unpublished memorandum of the circuit court’s denial of his motion for reconsideration under § 13A-5-9.1, Ala.Code 1975, see Kirby v. State, 899 So.2d 968 (Ala. 2004), of his sentence imposed pursuant to § 13A-5-9, Ala.Code 1975, the Habitual Felony Offender Act (“the HFOA”). We reverse and remand.
Following a 1987 conviction for first-degree theft of property and Pate’s unsuccessful direct appeal of that conviction, see Pate v. State, 537 So.2d 76 (Ala.Crim.App. 1988) (table), Pate filed a Rule 32, Ala. R. Crim P., petition. The circuit court summarily denied his Rule 32 petition, in which Pate challenged his 1987 conviction and his sentence, as a habitual felony offender, to life imprisonment.
On June 4, 2010, Pate filed a second Rule 32 petition, alleging that his sentence is illegal because the circuit court improperly used two prior controlled-substance convictions to enhance his sentence and because the State failed to provide notice to him that it intended to proceed under the HFOA. The State filed a motion to dismiss, alleging that the petition was pro *1259 cedurally barred and that Pate’s claims were without merit. Pate filed a response to the State’s motion to dismiss as well as a motion to amend his Rule 32 petition.
On September 20, 2010, Pate filed a separate motion for sentence modification pursuant to § 13A-5-9.1, Ala.Code 1975, and Kirby v. State, 899 So.2d 968 (Ala. 2004). The September Kirby motion was Pate’s second such motion. He had filed his first Kirby motion in the circuit court on June 3, 2010, and the judge had denied it on June 9, 2010, by handwriting that ruling on the face of the motion.
The circuit judges of the 24th Judicial Circuit recused themselves from this case. Therefore, Judge Bradley Almond of Tuscaloosa County (“the trial court”) was appointed to hear the case. The trial court addressed both of Pate’s motions in one order, in which it concluded that Pate’s Rule 32 petition was procedurally barred and that, because Pate’s previously filed Kirby motion had been denied, the prior filing and ruling prevented the trial court from considering the motion.
The Court of Criminal Appeals affirmed the denial of Pate’s Rule 32 motion without an opinion. Pate v. State (No. CR-10-0227, June 17, 2011), 107 So.3d 233 (Ala. Crim.App.2011) (table). As to Pate’s Kirby motion, the Court of Criminal Appeals concluded in the unpublished memorandum that a request for sentence modification was not cognizable in a Rule 32 petition, that Pate’s Kirby motion should have been filed independently of any Rule 32 claims, and that his claim was not properly before it for review.
This Court granted certiorari review in order to determine whether the Court of Criminal Appeals had erred in declining to review the trial court’s refusal to consider Pate’s motion for sentence modification. This Court held:
“Because the record supports Pate’s claim that his request for sentence modification was made in a separate motion, the Court of Criminal Appeals erred in concluding that the claim was not proper for appellate review. Accordingly, we reverse its judgment to the extent it held that the trial court’s ruling on Pate’s request for sentence reconsideration was not properly before it, and we remand the case for the Court of Criminal Appeals to review the circuit court’s denial of Pate’s motion for sentence modification.”
Ex parte Pate, 144 So.3d 1254, 1256 (Ala. 2012).
On remand, addressing the trial court’s denial of Pate’s motion for sentence modification, a majority of the Court of Criminal Appeals affirmed the denial of Pate’s Kirby motion in an unpublished memorandum, holding:
“[T]here is no indication in the instant record that Pate’s first motion was not properly considered in compliance with this Court’s opinion in Holt v. State, 960 So.2d 726 (Ala.Crim.App.2006).”
See Pate y. State, 144 So.3d 1256 (Ala. Crim.App.2012). Judge Welch dissented from the Court of Criminal Appeals’ unpublished memorandum. 144 So.3d at 1256-57 (Welch, J., dissenting). Relying on his writing in Ashford v. State, 12 So.3d 160, 163 (Ala.Crim.App.2008) (Welch, J., dissenting), he concluded that Pate’s Kirby motion had not previously been considered on the merits and that the trial court’s judgment should be reversed and the case remanded for the trial court to review Pate’s Kirby motion. This Court granted certiorari review.
We agree with Judge Welch that the trial court has not considered Pate’s Kirby motion on the merits. The trial court dismissed Pate’s Kirby motion because it *1260 erroneously believed that it lacked jurisdiction to consider the motion. The Court of Criminal Appeals, on remand from this Court’s decision in Ex parte Pate, affirmed the trial court’s order because it determined that Pate was not entitled to review — on the merits — of his second Kirby motion because, it said, there was no indication that Pate’s first Kirby motion had not properly been considered on the merits. In contrast, we conclude that there is no indication in the record that Pate’s first Kirby motion was considered on the merits.
In light of Judge Welch’s thorough and well reasoned dissent, we see no need to explain our reasoning further. We conclude that Judge Welch’s analysis in his dissent is sound, and we adopt that analysis as our own. We reverse the judgment of the Court of Criminal Appeals and remand the case for the Court of Criminal Appeals to remand the case for the trial court to consider Pate’s Kirby motion and to enter a judgment on the motion.
REVERSED AND REMANDED.
MOORE, C.J., and STUART, BOLIN, PARKER, and MURDOCK, JJ., concur.
SHAW, WISE, and BRYAN, JJ., dissent.