The appellant, Michael O. Chandler, pleaded guilty to unlawful distribution of a controlled substance, cocaine, a violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to seven years in the state penitentiary.
The appellant contends that his arrest during a drug sweep called "Operation Copy Cat" was unlawful because, he argues, Alabama Army National Guard helicopters and manpower were used in the operation, in violation of the Posse Comitatus Act. A "posse comitatus" is defined by Black's Law Dictionary, 1162 (6th ed. 1990), as "[t]he entire population of a county above the age of fifteen, which a sheriff may summon to his assistance in certain cases, as to aid him in keeping the peace, in pursuing and arresting felons, etc."
The Posse Comitatus Act, 18 U.S.C. § 1385, provides:
 "Whoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army or Air Force as a posse comitatus or otherwise to execute the laws shall be fined not more than $10,000 or imprisoned not more than two years, or both."
The act became law in 1878; the legislative history indicates that it was originally enacted *Page 1287 
in an attempt to end the use of Federal troops in policing state elections in former Confederate States where civil authority had been reestablished. See United States v. Allred,867 F.2d 856 (5th Cir. 1989); United States v. Hartley,486 F. Supp. 1348 (M.D.Fla. 1980), aff'd, 678 F.2d 961 (11th Cir. 1982), cert. denied, 459 U.S. 1170, 103 S.Ct. 815, 74 L.Ed.2d 1014
(1983).
The appellant alleges that the Alabama Army National Guard is a component of the United States Army subject to mobilization and overseas deployment, and that, therefore, it cannot be used for domestic law enforcement. The appellant's assertions are not supported by the law, however. Under the Alabama Constitution, the governor is the commander-in-chief of the Alabama National Guard "except when [it] shall be called into the service of the United States, and he may call out the same to execute the laws, suppress insurrection, and repel invasion." Constitution of Alabama 1901, Art. V, § 131. "The Supreme Court has recognized the dual nature of a National Guard and the fact that National Guardsmen only lose their status as a member of a state National Guard when they are 'drafted into federal service by the President.' " UnitedStates v. Kyllo, 809 F. Supp. 787, 793 (D.Or. 1992), aff'd in part, vacated in part on other grounds, 37 F.3d 526 (9th Cir. 1994), quoting Perpich v. Department of Defense,496 U.S. 334, 344, 110 S.Ct. 2418, 2424, 110 L.Ed.2d 312 (1990). In addition, the National Guard has been specifically authorized by Congress to engage in drug interdiction and counter-drug activities when not engaged in federal service.32 U.S.C.A. § 112.
The record indicates that the trial court agreed during the appellant's guilty plea that this issue would be preserved for appellate review. However, there is no other evidence in the record relating to this issue other than this brief reference to the issue by the trial court.
There was no testimony given nor was any other evidence introduced regarding the use of military personnel in the appellant's arrest. The appellant has attached a copy of a newspaper article in his brief to this court, but we note that this article is not part of the record. "[A]ttachments to briefs are not considered part of the record and therefore cannot be considered on appeal." Huff v. State, 596 So.2d 16,19 (Ala.Cr.App. 1991). Because there is no evidence in the record relating to the appellant's allegations, we cannot consider them. "This court cannot predicate error on matters not shown by the record; it cannot presume error from a silent record." George v. State, [Ms. CR-94-387, April 19, 1996] ___ So.2d ___, ___ (Ala.Cr.App. 1996).
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.