The appellant, Alan Boyd Prestwood, alleges that he has convictions for theft of property and second-degree escape. He further alleges that the trial court sentenced him, as a habitual offender, to serve concurrent terms of twenty years in prison on each conviction. See § 13A-5-9, Ala. Code 1975. On October 20, 2004, the appellant filed a "Petition for Reconsideration Pursuant to § 13A-5-9.1, Code of Alabama (1975)," seeking reconsideration of his sentences. Citing Kirby v. State,899 So.2d 968 (Ala. 2004), the circuit court treated the petition as a motion pursuant to § 13A-5-9.1, Ala. Code 1975; stated that the ruling in Kirby applied only to defendants who are serving sentences of imprisonment for life without the possibility of parole; found that the appellant was not entitled to reconsideration of his sentences; and denied the petition. The appellant filed a "Motion to Alter, Amend or Vacate Judgment," arguing that the circuit court had misapprehended § 13A-5-9.1, Ala. Code 1975. Quoting Kirby, the circuit *Page 582 
court found that the appellant was not entitled to reconsideration of his sentences and denied the motion. This appeal followed.
 I.
The appellant argues that the circuit court did not have jurisdiction to rule on his petition because it did not allow him to proceed in forma pauperis or require him to pay a filing fee. The State agrees that, if the appellant's petition is considered to be a motion pursuant to Rule 32, Ala. R.Crim. P., then the circuit court did not have jurisdiction to rule on the petition. However, in Burl v. State, 908 So.2d 314, 315
(Ala.Crim.App. 2004), we explained:
 "The Court's holding in Kirby implicitly overruled this Court's holding in Robinson v. State, 837 So.2d 882 (Ala.Crim.App. 2002) (Shaw, J., concurring in the result), that Rule 32, Ala. R.Crim. P., is the proper avenue for seeking implementation of § 13A-5-9.1 . . ."
Therefore, the appellant's petition was not a motion pursuant to Rule 32, Ala. R.Crim. P. Moreover, in Kirby, the Alabama Supreme Court stated:
 "By requiring in § 13A-5-9.1 that the provisions of § 13A-5-9 are to be applied retroactively, however, the Legislature vested jurisdiction in the sentencing judge or the presiding judge to reopen a case more than 30 days after a defendant has been sentenced."
899 So.2d at 971 (emphasis added). Because a § 13A-5-9.1 motion involves reopening an existing case, a circuit court is not required to grant a petitioner indigent status or to require a petitioner to pay a filing fee before it can obtain jurisdiction over the case. Therefore, the appellant's and the State's arguments in this regard are without merit, and the circuit court had jurisdiction to rule on the appellant's petition.
 II.
The State argues that the circuit court's denial of the appellant's petition for reconsideration of his sentences is not an appealable order. However, in Kirby, when it reversed this court's order dismissing Kirby's appeal, the Alabama Supreme Court implied that such orders are appealable. Further, inAlabama Department of Mental Health Mental Retardation v.State, 873 So.2d 1176, 1177-78 (Ala.Crim.App. 2003), we noted:
 "There is no right to appeal granted in the Alabama Constitution of 1901. This Court's appellate jurisdiction is prescribed in § 12-3-9, Ala. Code 1975, which states:
 "`The Court of Criminal Appeals shall have exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post conviction writs in criminal cases.'
 "Amend. No. 328, § 6.03(a), Ala. Const. 1901, also states that this Court shall `exercise' its appellate jurisdiction `under such terms and conditions as shall be provided by law and by rules of the Supreme Court.'
 "As we recently stated in Dixon v. City of Mobile, 859 So.2d 462, 463 (Ala.Crim.App. 2003):
 "`"The right of appeal is wholly statutory and is authorized in criminal cases from a judgment of conviction." McCray v. State, 46 Ala.App. 588, 589, 246 So.2d 475, 476 (Ala.Crim.App. 1971). "Appeals lie only from judgments of conviction, and then only on those counts upon which there is a finding of guilt." Thornton v. State, 390 So.2d 1093, 1096
(Ala.Crim.App. *Page 583 
1980). "An appeal cannot be taken from an order subsequent to the judgment of conviction unless authorized by statute." Harris v. State, 44 Ala.App. 632, 632, 218 So.2d 285, 286 (1969).'"
(Footnote omitted.) Once a conviction has been obtained and a corresponding sentence has been imposed, the convicted defendant may appeal the conviction and sentence to this court. As we explain in Part I of this opinion, a § 13A-5-9.1 motion involves reopening an existing case, in which there has been a conviction and sentence, for possible resentencing. Logically, then, any order either granting or denying a request for reconsideration of a sentence would be appealable.
Although we hold that such orders are appealable, we further hold that this court's review of such orders will be limited. As long as the circuit court has jurisdiction to rule on a §13A-5-9.1 motion; reviews any such motion that is properly filed before it by an inmate who is eligible for reconsideration; and, if it chooses to resentence a petitioner, imposes a sentence that is authorized by §§ 13A-5-9(c)(2) or 13A-5-9(c)(3), Ala. Code 1975, we will not second-guess that court's discretionary decision. Compare Rheuark v. State, 625 So.2d 1206
(Ala.Crim.App. 1993) (holding that the initial decision to grant or deny probation is entirely within the discretion of the trial court and is not reviewable on appeal); C.D.C. v. State,821 So.2d 1021, 1025 (Ala.Crim.App. 2001) (holding that the decision to refer a defendant to drug court is solely within the prosecutor's discretion and is not subject to appellate review). Accordingly, the State's argument is without merit.
 III.
Finally, the appellant argues that the circuit court improperly concluded that he was not eligible for reconsideration of his sentences pursuant to § 13A-5-9.1, Ala. Code 1975. Specifically, he appears to contend that § 13A-5-9.1, Ala. Code 1975, applies to all nonviolent convicted defendants who were sentenced as habitual offenders. In response, the State argues that the circuit court properly denied the appellant's request because he does not fall within the categories of inmates who are eligible for reconsideration, as set forth by the Alabama Supreme Court inKirby.
Before May 25, 2000, § 13A-5-9, Ala. Code 1975, provided:
 "(a) In all cases when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony, he must be punished as follows:
 "(1) On conviction of a Class C felony, he must be punished for a Class B felony;
 "(2) On conviction of a Class B felony, he must be punished for a Class A felony;
 "(3) On conviction of a Class A felony, he must be punished by imprisonment for life or for any term not more than 99 years but not less than 15 years.
 "(b) In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows:
 "(1) On conviction of a Class C felony, he must be punished for a Class A felony;
 "(2) On conviction of a Class B felony, he must be punished by imprisonment for life or for any term of not more than 99 years by not less than 15 years; *Page 584 
 "(3) On conviction of a Class A felony, he must be punished by imprisonment for life or for any term not less than 99 years.
 "(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows:
 "(1) On conviction of a Class C felony, he must be punished by imprisonment for life or for any term not more than 99 years but not less than 15 years;
 "(2) On conviction of a Class B felony, he must be punished for life in the penitentiary;
 "(3) On conviction of a Class A felony, he must be punished by imprisonment for life without parole."
(Emphasis added.) Effective May 25, 2000, § 13A-5-9, Ala. Code 1975, provided:
 "(a) In all cases when it is shown that a criminal defendant has been previously convicted of a felony and after the conviction has committed another felony, he or she must be punished as follows:
 "(1) On conviction of a Class C felony, he or she must be punished for a Class B felony.
 "(2) On conviction of a Class B felony, he or she must be punished for a Class A felony.
 "(3) On conviction of a Class A felony, he or she must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years.
 "(b) In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he or she must be punished as follows:
 "(1) On conviction of a Class C felony, he or she must be punished for a Class A felony.
 "(2) On conviction of a Class B felony, he or she must be punished by imprisonment for life or for any term of not more than 99 years by not less than 15 years.
 "(3) On conviction of a Class A felony, he or she must be punished by imprisonment for life or for any term of not less than 99 years.
 "(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he or she must be punished as follows:
 "(1) On conviction of a Class C felony, he or she must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years.
 "(2) On conviction of a Class B felony, he or she must be punished by imprisonment for life or any term of not less than 20 years.
 "(3) On conviction of a Class A felony, where the defendant has no prior convictions for any Class A felony, he or she must be punished by imprisonment for life or life without the possibility of parole, in the discretion of the trial court.
 "(4) On conviction of a Class A felony, where the defendant has one or more prior convictions for any Class A felony, he or she must be punished by imprisonment for life without the possibility of parole."
(Emphasis added.) When it amended § 13A-5-9, Ala. Code 1975, the Legislature made substantive changes only to §§ 13A-5-9(c)(2) and13A-5-9(c)(3), Ala. Code 1975. As the Alabama Supreme Court explained in Kirby: *Page 585 
 "In 2001, the Legislature passed Act No. 2001-977
(`the Act') in an attempt to make the 2000 amendments to § 13A-5-9 retroactive. The stated purpose of the Act was `to provide further for eligibility for parole consideration of non-violent offenders.' The Act, now codified as § 13A-5-9.1, states in its entirety:
 "`The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court.'
". . . .
 ". . . Reading § 13A-5-9.1 in conjunction with § 13A-5-9, it is clear that a sentencing judge or a presiding judge can resentence only two narrowly defined classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions; and those who had been sentenced to life imprisonment under the mandatory provisions of the HFOA upon conviction of a Class B felony. Moreover, of those habitual offenders, the judge can resentence only those who are nonviolent offenders."
899 So.2d at 970-74. Therefore, the only inmates who would be eligible for reconsideration of their sentence(s), in the discretion of the circuit court, are (1) nonviolent offenders with three prior felony convictions who were subsequently convicted of a Class B felony and sentenced to life in prison pursuant to § 13A-5-9(c)(2), Ala. Code 1975, and (2) nonviolent offenders with three prior felony convictions, none of which was for a Class A felony, who were subsequently convicted of a Class A felony and sentenced to imprisonment for life without the possibility of parole pursuant to § 13A-5-9(c)(3), Ala. Code 1975.
In its order denying the appellant's "Motion to Alter, Amend or Vacate," the circuit court found:
 "Petitioner is serving two concurrent twenty-year sentences for the offenses of attempted theft of property in the first degree (a Class C felony)[1] and escape in the second degree (a Class C felony). The petitioner was sentenced as a habitual offender.
 "In [Kirby v. State, 899 So.2d 968 (Ala. 2004)], the Alabama Supreme Court stated that `it is clear that a sentencing judge or a presiding judge can resentence only two narrowly defined classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole
under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions; and those who had been sentenced *Page 586 
to life imprisonment under the mandatory provisions of the HFOA upon conviction of a Class B felony.' (Emphasis supplied.) Petitioner does not fall into either of these narrowly defined classes and is, therefore, not subject to the application of Section 13A-5-9.1."
(C.R. 16-17.) We agree with the circuit court's interpretation of the Alabama Supreme Court's holding in Kirby and its conclusion that the appellant was not eligible for reconsideration of his sentences. Therefore, it properly denied the appellant's petition for reconsideration of his sentences.
For the above-stated reasons, we affirm the circuit court's judgment.
AFFIRMED.
McMILLAN, P.J., and COBB and SHAW, JJ., concur; WISE, J., concurs in the result.
[1] We note that the appellant alleges only that he pled guilty to "theft of property," that he was sentenced as a habitual offender, and that it does not appear that he appealed his convictions and sentences. (C.R. 3.) As is the situation with Rule 32 petitions, it would be helpful if the petitioner, the State, the circuit clerk, and/or the circuit court would include in the record as much information as possible concerning the original conviction(s) and sentences(s) and prior felony convictions of inmates requesting reconsideration of their sentences pursuant to § 13A-5-9.1, Ala. Code 1975.
Further, even assuming that the appellant pled guilty to first-degree theft of property, which is a Class B felony, he still would not be entitled to relief because his sentence was twenty years in prison rather than life imprisonment.