953 So.2d 1210 (2006)
Ex parte Donald JONES.
(In re Donald Jones
v.
State of Alabama).
No. 1051533.
Supreme Court of Alabama.
September 29, 2006.
Donald Jones, pro se.
Submitted on petitioner's brief only.
HARWOOD, Justice.
WRIT DENIED.
NABERS, C.J., and SEE, LYONS, WOODALL, SMITH, and BOLIN, JJ., concur.
STUART and PARKER, JJ., dissent.
STUART, Justice (dissenting).
I dissent. I would issue the writ in this case and address Donald Jones's argument that he was entitled to a hearing and a determination of whether he is eligible for a sentence reduction on his motion filed pursuant to § 13A-5-9.1, Ala.Code 1975, and Kirby v. State, 899 So.2d 968 (Ala. 2004).
Section 13A-5-9.1, Ala.Code 1975, provides a mechanism for sentence-reduction *1211 consideration for "nonviolent convicted offenders" whose sentences fit within certain statutory requirements. As the Court of Criminal Appeals explained in Prestwood v. State, 915 So.2d 580, 585 (Ala.Crim.App. 2005):
"[T]he only inmates who would be eligible for reconsideration of their sentence(s), in the discretion of the circuit court, are (1) nonviolent offenders with three prior felony convictions who were subsequently convicted of a Class B felony and sentenced to life in prison pursuant to § 13A-5-9(c)(2), Ala.Code 1975, and (2) nonviolent offenders with three prior felony convictions, none of which was for a Class A felony, who were subsequently convicted of a Class A felony and sentenced to imprisonment for life without the possibility of parole pursuant to § 13A-5-9(c)(3), Ala.Code 1975."
Therefore, to be eligible for sentence reconsideration an inmate must be (1) a "nonviolent convicted offender" and (2) his sentence must meet the above statutory requirements.
Here, Jones was convicted of first-degree rape and was sentenced to life without the possibility of parole based on a record showing at least three prior felony convictions. It is undisputed that Jones satisfies the statutory requirement of having three prior felony convictions to be eligible for sentence reconsideration; however, in my opinion, Jones does not satisfy the "nonviolent convicted offender" statutory requirement. In my opinion, Jones, as a matter of law, is a violent offender and consequently ineligible for sentence reconsideration. The legislature has defined first-degree rape as a violent offense, see § 13A-11-70, Ala.Code 1975. Jones was convicted of first-degree rape; therefore, Jones is a violent convicted offender and, as a matter of law, is ineligible for sentence reconsideration.
PARKER, J., concurs.