WISE, Presiding Judge.
 

 The appellant, Alvin White, alleges that he was convicted of theft of property. He also alleges that, on February 10,1984, the trial court sentenced him, as a habitual felony offender, to serve a term of life in prison.
 
 See
 
 § 13A-5-9, Ala.Code 1975. On June 27, 2008, White filed a motion for reconsideration of his sentence pursuant to § 13A-5-9.1, Ala.Code 1975. Without requiring a response from the State, the circuit court summarily denied the motion. This appeal followed.
 

 White argues that the circuit court erred in denying his motion for reconsideration of his sentence. In its order denying the motion, the circuit court found:
 

 “The Petitioner/Inmate does not meet the requirements to qualify under a
 
 Kirby
 
 motion because he is not serving a life sentence without the possibility of parole for his Class A Theft of Property I conviction.”
 

 (C.R. 14.) White contends that the circuit court denied his motion based on an incorrect application of § 13A-5-9.1, Ala.Code 1975, and specifically points out that first-degree theft of property is a Class B felony rather than a Class A felony.
 
 See
 
 § 13A-8-3(d), Ala.Code 1975.
 

 “As the Alabama Supreme Court explained in
 
 Kirby
 
 [v.
 
 State,
 
 899 So.2d 968 (Ala.2004) ]:
 

 “ ‘In 2001, the Legislature passed Act No. 2001-977 (“the Act”) in an attempt to make the 2000 amendments to § 13A-5-9 retroactive. The stated purpose of the Act was “to provide further for eligibility for parole consideration of non-violent offenders.” The Act, now codified as § 13A-5-9.1, states in its entirety:
 

 “ ‘ “The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court.”
 

 [[Image here]]
 

 “ ‘...
 
 Reading § 13A-5-9.1 in conjunction with § 13A-5-9, it is clear that a sentencing judge or a presiding judge can resentence only two narrowly defined classes of habitual offenders:
 
 those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions;
 
 and those who had been sentenced to life imprisonment under the mandatory provisions of the HFOA upon conviction of a Class B felony.
 
 Moreover, of those habitual offenders, the judge can resentence only those who are nonviolent offenders.’
 

 “899 So.2d at 969-974. Therefore, the only inmates who would be eligible for reconsideration of their sentence(s), in the discretion of the circuit court, are (1)
 
 nonviolent offenders with three prior felony convictions who were subsequently convicted of a Class B felony and sentenced to life in prison pursuant to
 
 
 *618
 

 § lSA-5-9(c)(2), Ala.Code 1975,
 
 and (2) nonviolent offenders with three prior felony convictions, none of which was for a Class A felony, who were subsequently convicted of a Class A felony and sentenced to imprisonment for life without the possibility of parole pursuant to § 13A-5-9(c)(3), Ala.Code 1975.”
 

 Prestwood v. State,
 
 915 So.2d 580, 584-85 (Ala.Crim.App.2005) (emphasis added).
 

 “There are three requirements for eligibility to have a sentence reconsidered under § 13A-5-9.1: (1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or
 
 was sentenced to life imprisonment pursuant to § ISA-5— 9(c)(2),
 
 see
 
 Prestwood,
 
 supra; and (3) the inmate is a ‘nonviolent convicted offender.’ An inmate must satisfy all three requirements before he or she is eligible for reconsideration of sentence under § 13A-5-9.1.”
 

 Holt v. State,
 
 960 So.2d 726, 734-35 (Ala.Crim.App.2006) (emphasis added).
 

 Because White alleges that he was sentenced on February 10, 1984, it appears that he satisfies the first eligibility requirement set forth in
 
 Holt.
 
 Also, in his first petition, White alleged that he was convicted of the Class B offense of first-degree theft of property and sentenced, as a habitual offender with three prior felony convictions, to serve a term of life in prison. If those allegations are true, then he satisfies the second eligibility requirement set forth in
 
 Holt,
 
 and the circuit court erred in finding that he did not. The circuit court did not make any findings as to whether White was a nonviolent convicted offender, which is the third eligibility requirement set forth in
 
 Holt.
 

 It appears that the circuit court erred in concluding that White did not satisfy the second eligibility requirement set forth in
 
 Holt.
 
 However, it is not clear from the record before us what offense White was convicted of in this case, how many prior convictions were used to enhance his sentence, and what offenses the prior convictions were for. In the motion for reconsideration of sentence he filed on June 27, 2008, White alleged that he was convicted of first-degree theft of property in case number CC-84-28 and sentenced, as a habitual offender with three prior felony convictions, to serve a term of life in prison on February 10, 1984. In a motion for reconsideration of sentence he filed on July 17, 2008, White alleged that he was convicted of second-degree theft of property in case number CC-84-28 and sentenced, as a habitual offender with two prior felony convictions, to serve a term of life in prison on February 10, 1984. In a motion for reconsideration of sentence he filed on July 24, 2008, White alleged that he was convicted of third-degree theft of property in case number CC-84-28 and sentenced, as a habitual offender with two prior felony convictions, to serve a term of life in prison on February 10, 1984. In his opening brief to this court, White alleges that he was convicted of first-degree theft of property and sentenced, as a habitual offender with two prior felony convictions, to serve a term of life in.prison on February 10, 1984. Finally, in his reply brief to this court, White alleges that he was sentenced as a habitual offender with three prior convictions.
 
 [1]
 

 
 *619
 
 Accordingly, we remand this case to the circuit court for it to set aside its order denying White’s motion for reconsideration of his sentence; to make specific, written findings of fact as to the offense for which White was convicted in this case, the number of prior felony convictions that were used to enhance his sentence, and the offenses for which he was previously convicted; and to consider White’s motion for reconsideration pursuant to this court’s holding in
 
 Holt.
 
 On remand, if the circuit court determines that White is eligible for reconsideration of his sentence and chooses to exercise its discretion to resentence him, it shall so state. The circuit court shall make all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion.
 

 REMANDED WITH INSTRUCTIONS.
 
 *
 

 WELCH, WINDOM, and KELLUM, JJ., concur.
 

 [1]
 

 . In support of his allegations, White attaches a portion of the case action summary sheet from case number CC-84-28 to his reply brief. However, "[a]ttachments to briefs are not considered part of the record and therefore cannot be considered on appeal.”
 
 Chan
 
 
 *619
 

 dler v. State,
 
 677 So.2d 1286, 1287 (Ala.Crim.App.1996). Accordingly, we cannot rely on that document in addressing White’s allegations.
 

 *
 

 Note from the reporter of decisions: On July 24, 2009, on return to remand, the Court of Criminal Appeals affirmed, without opinion.