MOORE, Chief Justice.
John Alfred Harper, an incarcerated inmate, petitioned this Court for a writ of certiorari to review the circuit court’s denial of his latest motion for sentence reconsideration filed pursuant to § 13A-5-9.1, Ala.Code 1975 (repealed effective March 13, 2014, Act No. 2014-165, Ala. Acts 2014), and the Court of Criminal Appeals’ affirmance of that denial. ' Section 13A-5-9.1 stated:
“The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or, if the sentencing judge is no longer in office, by any circuit judge appointed by the presiding judge, for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court.”
We granted Harper’s petition; we reverse and remand.

I. Facts and Procedural History

On October 20, 1986, Harper was convicted of first-degree armed robbery — a Class A felony. Based upon that conviction and his prior felony convictions,[1] the Lee Circuit Court sentenced him as a habitual felony offender to what in 1986 was a mandatory sentence of life imprisonment without'the possibility of parole. See former § 13A-5-9(c)(3), AlaCode 1975 (amended effective May 25, 2000), a subsection of the Habitual Félony Offender Act, § 13A-5-9, Ala.Codé 1975 (“the HFOA”).[2] In March 2012 Harper filed the *3 most recent in a series of motions for sentence reconsideration pursuant to § 13A-5-9.1, Ala.Code 1975, and Kirby v. State, 899 So.2d 968 (Ala.2004)(discussing the constitutionality of § 13A-5-9.1 and the jurisdiction of circuit courts to hear motions filed pursuant to that Code section), often referred to as a “Kirby motion.” The materials available for the circuit court to consider with Harper’s motion included, among other things, the report from Harper’s work supervisor stating that Harper is a “productive person” and a “diligent worker” who “displays a positive attitude,” “is respectful of authority,” “dedicates spare time to meditation and spiritual endeavors,” and “encourages other inmates to self-improvement and discipline”; the fact that Harper assured the female clerk who was the object of the robbery that he was not going to hurt her, that he claims to have never touched her, and that he informed her before letting her go that he needed her to'walk with him just so he could escape the crime scene; and Harper’s certificates for completing, during his 28 years of imprisonment, multiple substance-abuse programs, multiple Alcoholics Anonymous programs, the Crime Bill Drug Treatment Program, multiple group-meditation programs, multiple Yipassana meditation courses, multi-pie sex-adjustment or sex-addicts-anonymous programs, and relapse-prevention and substance-abuse counseling. . Despite this evidence of the numerous programs Harper completed during his incarceration, his courses of instruction by licensed psychologists,, and his supervisor’s report regarding his good work record, the circuit court denied Harper’s motion on the sole ground that the underlying offense for which Harper had been sentenced was á violent offense. The circuit court in an order dated November 13, 2012, quoted an earlier-March 9, 2010, ruling on a previous Kirby motion filed by Harper: ’
“ ‘Regarding the original robbery offense [Harper] was convicted of, [Harper] concedes that, he entered a local business on foot, abducted a female clerk at knifepoint and released her approximately two blocks from the store. This offense is obviously a, violent offense pursuant to statutory authority and. reasonable application of the meaning of “violent.” ’ ”
Harper appealed the denial of his most recent Kirby motion to the Court of Criminal Appeals, which affirmed the circuit court’s order in an unpublished memorandum. Harper v. State, 176 So.3d 6 *4 (Ala.Crim.App.2013)(table). This petition, in which Harper alleged that the Court of Criminal Appeals’ decision conflicts with Holt v. State, 960 So.2d 726 (Ala.Crim.App.2006), followed.
The circuit court’s November 13, 2012, order denying Harper’s motion and the Court of Criminal Appeals’ unpublished memorandum affirming that denial recount incompletely the circuit court’s order dated March 9, 2010, which notes Harper’s concession that he “entered a local business on foot, abducted a female clerk at knife-point and released her approximately two blocks from the store.” This offense is obviously a violent offense under the statute defining the offense and under a reasonable application of the meaning of the word “violent.” However, neither the circuit court nor the Court of Criminal Appeals quoted the last sentence of the circuit court’s March 9, 2010, order, which is essential to a determination in this case. The circuit court’s order concludes with this sentence: “[Harper] has failed to submit any other factors which show that [Harper’s] conduct in prison has not been violent.” (Emphasis added.) This is a crucial omission because Harper, in his petition, asserts that the circuit court now refuses to consider his conduct during imprisonment. The last sentence of the circuit court’s 2010 order ignores the relevant part of a prior order addressing Harper’s failure to submit records of his conduct while in prison. In the Kirby motion before the court, Harper did exactly what the circuit court ordered him to do in 2010: He submitted evidence of his changed conduct while in prison, which both the circuit court and the Court of Criminal Appeals nevertheless refused to consider.

II. Standard of Review

Citing Kirby and Prestwood v. State, 915 So.2d 580 (Ala.Crim.App.2005), the State contends that “appellate courts review motions to reconsider sentences using an abuse of discretion standard.” Although this Court will determine whether the circuit court has exceeded its discretion in ruling on a Kirby motion for sentence reconsideration based on the totality of the circumstances, see Holt v. State, 960 So.2d 726, 738 (Ala.Crim.App.2006), whether the circuit court’s decision complies with a statute is a matter of law, and the decision is to be reviewed de novo where, as here, the facts are not in dispute. Christian v. Murray, 915 So.2d 23, 25 (Ala.2005) (“Where the facts are not in dispute and we are presented with a pure question of law, ... this Court’s review is de novo.” (citing State v. American Tobacco Co., 772 So.2d 417, 419 (Ala.2000), Ex parte Graham, 702 So.2d 1215, 1221 (Ala.1997), and Beavers v. County of Walker, 645 So.2d 1365, 1372 (Ala.1994))). Therefore, we review de novo whether the circuit court’s order denying Harper’s Kirby motion complies with § 13A-5-9.1.

III. Analysis

Harper argues that the Court of Criminal Appeals’ unpublished memorandum upholding the circuit court’s order denying Harper’s Kirby motion conflicts with Holt, in which that court quoted Kirby for the proposition that “whether an inmate is a ‘nonviolent convicted offender’ is based on the totality of the circumstances.” 960 So.2d at 738. Harper alleges that the circuit court refused to consider any of the factors or evidence he submitted to it, including his completion of rehabilitative programs and counseling courses and the facts and circumstances of his prior convictions.' The State does not deny this but counters that the “instant record contained [Harper’s] [Department of Corrections] records, and it cannot be presumed that the circuit court did not properly consider them.” State’s brief, at 5 (emphasis added). No presumption, *5 however, is necessary: The State’s position is belied by the language in the circuit court’s order wrongfully asserting that a circuit court may “refuse to consider all factors' presented to it by either party.” Refusing to consider certain factors presented by Harper, the circuit court concluded that Harper was not a “nonviolent convicted offender” only because he had been convicted of an offense that was statutorily defined as violent.
This Court “will presume that the circuit court properly considered and weighed each factor presented, unless the record affirmatively shows otherwise.” Holt, 960 So.2d at 738 (citing Prestwood v. State, 915 So.2d at 583 (emphasis added)). Here the record affirmatively shows that the circuit court, although acknowledging that “[w]hether an inmate is a violent or nonviolent offender is based on the totality of the circumstances,” nevertheless considered only a single circumstance: the statutory designation of Harper’s underlying offense. The circuit court announced in its order that it could “refuse to consider” the very items § 13A-5-9.1 requires it to consider. See § 13A-5-9.1 (“Thé provisions of Section 13A-5-9 shall be applied retro-áctively ... for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court” (emphasis added)).[3]
The circuit court attributed to Holt the notion that circuit courts may “refuse to consider” factors presented to them by either party. Holt, however, held that “a circuit court is not precluded from considering, nor may it refuse to consider, all of the factors presented to it by either party.” Holt, 960 So.2d at 738. The circuit court’s order, therefore, directly contradicts the holding of Holt. Moreover, the State did not present the circuit court with any evidence of misbehavior, misconduct, or violence on Harper’s part while he was incarcerated; therefore, the State has waived any input as to Harper’s conduct while incarcerated. Kirby, 899 So.2d at 975 (“[I]f the [Department of Corrections] does not provide the evaluation in a timely fashion, the State will have waived any input as to the inmate’s conduct while incarcerated that ■ the sentencing judge or the presiding judge might otherwise have considered in determining whether the inmate is a nonviolent offender.”).[4]
Holt spoke only of what factors the circuit court may consider, i.e., what records, materials, and evidence may be submitted to the circuit court as part of the “circumstances” that must be considered in toto. Holt does not permit the circuit court to “refuse” to consider any factors; it instead requires the circuit court to consider “the totality of the circumstances,” or “the to *6 tality of the information before the circuit court when it rules on the § 13A-5-9.1 motion.” Holt, 960 So.2d at 738. Holt concerned" what records, materials, and evidence could be submitted to the circuit court for the purposes of a Kirby motion, not whether the circuit court was free to disregard the records, materials, and evidence already before it. Holt relied on the principle in Kirby that a “ ‘factor in determining whether the inmate is a nonviolent offender ... should be a consideration of the inmate’s conduct while incarcerated, which knowledge is within the purview of the [Department of Corrections].’ ” Holt, 960 So.2d at 733 (quoting Kirby, 899 So.2d at 974 (emphasis added)).
Holt prohibits circuit courts from ruling on Kirby motions based solely on the statutory designation of the inmate’s underlying offense:
“[T]he statutory designation of an inmate’s underlying offense as , a ‘violent offense’ is certainly an important consideration in determining whether an inmate is a ‘nonviolent convicted offender.’
.... However, the statutory designation of an offense is not the only factor a circuit court may consider, and the fact that the inmate’s underlying conviction was for an offense statutorily defined as a ‘violent offense’ does not preclude a court from considering other factors presented to it.”
Holt, 960 So.2d at 738. Taken in isolation, the phrase “may consider” might suggest that the circuit court has the option of not considering factors other than the statutory designation of the underlying offense, but it is clear that the Court of Criminal Appeals in Holt did not intend to authorize or validate what it characterized as “an erroneous interpretation of § 13A-5-9.1 and Kirby,” namely, “that anyone convicted of an offense statutorily defined as a “violent offense’ is, as a matter of law, a “violent offender’, for the purposes of § 13A-5-9.1, and, thus, ineligible for sentence reconsideration.” Holt, 960 So.2d at 740. See also Ex parte Gunn, 993 So.2d 433, 434 (Ala.2007) (noting the holding in Holt that “a trial court could not reject an application for sentence reconsideration under § 13A-5-9.1 solely on the basis that the underlying conviction was for a violent offense”).
“If the Alabama Supreme Court had construed § 13A-5-9.1 as a bright-line rule precluding any inmate who had been convicted of an offense statutorily defined as a ‘violent offense’ from sentence reconsideration, the Court would have instructed circuit courts to look no further than the statutory designation of the inmate’s underlying offense.”
Holt, 960 So.2d at 737. The fact that one commits a violent offense or “crime of violence,” as that term is defined in § 13A-11-70(2), Ala.Code 1976, does not forever prohibit one from being considered a “nonviolent convicted offender” for the purpose of § 13A-5-9.1. The plain language of § 13A-5-9.1 does not ask whether the crime the offender committed was a violent crime;, rather, the statute asks .whether the convicted offender is nonviolent.[5]
Whether Harper is a “nonviolent convicted offender” necessarily involves a multi-factor analysis.
“[T]he state’s trial judges have the authority under [§ 13A-5-9.1] to deter *7 mine whether a defendant is a nonviolent offender and ... those judges are competent to make that determination based upon the nature of the defendant’s underlying conviction, other factors brought before .the judge in the record of the case, and information submitted to the judge by the [Department of Corrections] and the [Board of Pardons and Paroles] concerning the inmate’s behavior while incarcerated.... Section 13A-5-9.1 provides that the [Department of Corrections] will conduct an evaluation of the inmate’s performance while incarcerated and submit its evaluation to the court so the judge can take that information into account in determining whether the inmate is eligible for reconsideration of his or her sentence.”
Kirby, 899 So.2d at 974 (emphasis added). Thus, any evaluations conducted by the Department of Corrections and submitted to the circuit court must be considered in determining an inmate’s eligibility for sentence reconsideration under’§ 13A-5-9.1. Although the circuit court has the discretion to determine whether Harper is a “nonviolent convicted offender” for the purposes of § 13A-5-9.1, the circuit court may not “refuse to consider[] all of the factors' presented to it by either party.” Holt, 960 So.2d at 738. Holt reversed the circuit court’s order denying inmate William Buster Holt’s Kirby motion because that denial “was based solely on the fact that Holt had been convicted of robbery in the first degree and that that crime is statutorily defined as a ‘violent offense.’ ” Holt, 960 So.2d at 738. Holt and Harper are thus similarly situated: their Kirby motions were both denied based solely on the statutory designation of their underlying offenses. Therefore, Harper is enti-tied to the same remedy that was offered Holt: a remand for the circuit court to consider his Kirby motion in light of the principles set forth in this opinion.

TV. Conclusion

Because the circuit court did not consider all the factors and evidence, including records of the Department of Corrections, that Harper presented with his Kirby motion, we conclude that the circuit court did not consider the totality of the circumstances. For the. same reasons, the Court of Criminal Appeals erred in, affirming the circuit court’s order denying Harper’s Kirby motion. We therefore reverse the Court of Criminal Appeals’ judgment and direct that court to remand the case to the circuit court for it to reconsider Harper’s Kirby motion in conformity with this opinion, and § 13A-5-9.1. We note in conclusion that the window for the review of Kirby motions has been ¿losing since the repeal of § 13A-5-9.1, effective March 1, 2014. After 28 years' of incarceration, Harper is faced with his last opportunity to take advantage of § 13A-5-9.1. Hé has' done exactly what a previous court said he must do for reconsideration of his sentence as a current nonviolent convicted offender. Justice demands that he have an opportunity provided by that law for reconsideration of his sentence.
REVERSED . AND REMANDED WITH INSTRUCTIONS.
MURDOCK, J., concurs.
PARKER and BRYAN, JJ., and LYONS, Special Justice,* concur in the result.
*8 STUART, BOLIN, SHAW, and WISE, JJ., dissent.
MAIN, J., recuses himself.**

. Harper had been convicted of grand larceny in 1969, two counts of second-degree burglary in 1971, and second-degree burglary and grand larceny in 1972.

. Before an amendment effective in 2000, subsection (c) of the HFOA read, in pertinent part:
“(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows:
' "(1) On conviction of a Class C felony, he must be punished by imprisonment for life or for any term not more than 99 years but not less than 15 years.
*3 "(2) On conviction of a Class B felony, he must be punished for life in the penitentiary.
“(3) On conviction of a Class A felony, he must be punished by imprisonment for life without parole.' ’.
(Emphasis added.) The HFOA was amended effective May 25, 2000; subsection (c) now reads:
"(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he or she must be punished as follows;
"(1) On conviction of a Class C felony, he or she must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years.
"(2) On conviction of a Class B felony, he or she rriiist be punished by imprisonment for life or any term of not less than 20 -years.
"(3) On conviction of a Class A felony, where the defendant has no prior convictions for any Class A felony, he or she must be putiished by imprisonment for life or life without the possibility of parole, in the discretion of-the trial court.
"(4) On conviction of a Class A felony, where the defendant has one or more prior convictions for any Class A felony, he or she must be punished by imprisonment for life without the possibility of parole.”
(Emphasis added.)

. Harper’s records are either certified by the Alabama Department of Corrections, signed by licensed psychologists employed by the Alabama Department of Corrections, signed by the warden of the correctional facility in which Harper is imprisoned, or signed by a correctional officer employed by the Alabama Department of Corrections. The State has not argued that the Board of Pardons and Paroles did not approve these records; therefore, for the purposes of this petition for the writ of certiorari, that argument is waived. Waddell & Reed, Inc. v. United Investors Life Ins. Co., 875 So.2d 1143, 1167 (Ala.2003) ("Issues not argued in a, party’s brief are waived.”).

. It appears that Harper, not the Department of Corrections, submitted the evaluations that appear in the record before us. This is permissible under § 13A-5-9.1, which refers to evaluations "submitted to the court” without limiting or restricting in any way which party may submit those evaluations.

. As explained in a dissent in a similar case, Ex parte Gill, 157 So.3d 881, 885 (Ala.2014) (Moore, CJ., dissenting): “Although it is appropriate for a circuit court to consider whether the offense committed by an inmate seeking reconsideration of his or her sentence is statutorily defined as a 'violent offense,' this fact alone does not necessarily render an inmate a violent convicted offender,”