LYONS, Special Justice
(concurring in the result).
John Alfred Harper had previously-moved, pursuant to § 13A-5-9.1, Ala.Code 1975, for reconsideration of his sentence of life imprisonment without the possibility of parole but failed to present any evidence concerning his conduct while incarcerated. The circuit court, in denying relief in that earlier proceeding, noted that Harper had failed to offer any evidence showing that his conduct in prison was not violent. Order of March 9, 2010. In the instant proceeding Harper submitted substantial evidence to support his contention that his conduct in prison was not violent. In denying relief in this proceeding, the circuit court quoted from its earlier order in which it characterized the robbery offense that had triggered the sentence of life imprisonment without parole as “violent.” The circuit court did not allude to the evidence of Harper’s conduct while he was incarcerated.
In Holt v. State, 960 So.2d 726, 738 (Ala.Crim.App.2006), writ quashed, 960 So.2d 740 (Ala.2006), the Court of Criminal Appeals, citing Prestwood v. State, 915 So.2d 580, 583 (Ala.Crim.App.2005), observed: “[W]e will presume that the circuit court properly considered and weighed each factor presented, unless the record affirmatively shows otherwise.” The dissenting opinion, relying on this aspect of Holt, concludes that absent an affirmative showing of the circuit court’s failure to consider Harper’s postincarceration conduct, we must affirm.
The dissenting opinion is correct in its conclusion that the circuit court’s order does not expressly state that it did not consider such evidence. However, the circuit court’s order, as the dissenting opinion and main opinion both recognize, erroneously states that it had the prerogative to refuse to consider evidence submitted by Harper.
In Prestwood, the case relied upon in Holt for its rule of limited review, the defendant sought relief, pursuant to § 13A-5-9.1, from his sentence of concurrent terms of 20 years’ imprisonment. The Court of Criminal Appeals affirmed the circuit court’s denial of relief on the basis that § 13A-5-9.1 did not apply to a sentence other than a sentence of life imprisonment or life imprisonment without parole. In Prestwood, 915 So.2d at 583, the Court of Criminal Appeals in dicta announced a prospective rule:
“[T]his court’s review of such orders [issued in proceedings brought pursuant to § 13A-5-9.1] will be limited. As long as the circuit court has jurisdiction to rule on a § 13A-5-9.1 motion; reviews any such motion that is properly filed by an inmate who is eligible for reconsideration; and, if it chooses to resentence a *9 petitioner, imposes a sentence that is authorized by §§ 13A-5-9(e)(2) or 13A-5-9(c)(3), Ala.Code 1975, we will not second-guess that court’s discretionary decision.”
The heightened standard of an affirmative showing that each factor was not properly considered and weighed, not found in Prestwood; was introduced in Holt in reliance upon the above-quoted statement in dicta in Prestwood that the standard of review would be limited.
In Holt, the circuit court found'that the underlying conviction of robbery in the first degree, standing alone, precluded the applicability of § 13A-5-9.1. Under those facts, the Court of Criminal Appeals reversed the judgment of the circuit court where it affirmatively appeared in the record that the circuit court had failed to consider evidence other than the nature of the underlying offense.
In this proceeding, it does not affirmatively appear that the circuit court rejected the proffered evidence of postincarceration conduct. However, as was the case in Holt, the circuit court, as previously noted, applied an incorrect standard of review, announcing, in an order silent on postin-carceratión conduct and dealing solely with the nature of the underlying conviction, that it had the discretion:'to refuse to consider evidence presented to it.
The State, citing Williams v. State, 55 So.3d 366, 377 (Ala.Crim.App.2010), argues that it is well settled that “ ‘[wjhere the record is silent on appeal it is assumed that what ought to have been done was not only done but rightly done.’ ” ’ ” '(Quoting Johnson v. State, 823 So.2d 1, 19 (Ala.Crim.App.2001), quoting, in turn, other cases.) Here, as in Holt, the record reflects that the circuit court applied an incorrect standard; we therefore cannot presume that “what ought to have been done was not only done but rightly done.”
I decline to read the rule announced in Holt as requiring an affirmative showing of the rejection of evidence. The court in Holt stated only: “[W]e will presume that the circuit court properly considered and weighed each factor presented unless the record affirmatively shows otherwise.” 960 So.2d at 738 (emphasis added). Here the record reflects that the circuit court did not properly consider and weigh each factor because it announced an improper standard by which it' governed that process. Requiring an' affirmative showing that the circuit court applied its incorrect staridard in a manner prejudicial to Harper is an unwarranted further contraction of the limited review announced in Holt.
The inference that the circuit court disregarded the evidence of Harper’s postin-carceration conduct is not susceptible to fair characterization as speculation; to the contrary,-it-is an entirely reasonable inference given- the. circuit court’s failure to mention the evidence in its order denying relief. This record, therefore, affirmatively reflects the absence of proper consideration and weighing, and the circuit court’s order is thus inconsistent with Holt.