STUART, Justice
(dissenting).
I respectfully dissent from the conclusion in the main opinion that the record establishes affirmatively that the circuit court refused to consider the documents submitted by John' Alfred Harper in support of his contention that he is a “nonviolent convicted offender” for purposes of sentence reconsideration pursuant to § 13A-5-9.1, Ala.Code 1975. Specifically, I believe that the holding that the circuit court’s misstatement of the law in its discussion of the applicable law requires the conclusion that the circuit court “[r]e-fus[ed] to consider certain factors presented by Harper,” 189 So.3d at 5, is an as *10 sumption based on speculation that is not supported by the law or the record.
In its order the circuit court stated:
“When reviewing a Kirby [v. State, 899 So.2d 968 (Ala.2004),] petition:
“ ‘[r]eading § 13A-5-9.1 in conjunction with § 13A-5-9, it is clear that a sentencing judge or presiding judge can resentence only two narrowly defined classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA [Habitual Felony Offender Act] upon conviction of a Class A felony with no prior Class A felony convictions; and those who have been sentenced to life imprisonment under the mandatory provisions of the' HFOA upon conviction of a Class B felony. Moreover, of'-those habitual offenders, the judge can re-sentence only those who are nonviolent offenders.’
“Ex parte Kirby, 899 So.2d 968, 974 (Ala.2004).
“To be eligible for sentence reconsideration under Ala.Code § 13-5-9.1 (1975),
“ ‘(1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the HFOA became effective; (2) the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2), see Prestwood [v. State, 915 So.2d 580 (Ala.Crim.App.2005)]; and (3) the inmate is a “nonviolent convicted offender.” An inmate must satisfy all three requirements before he or she is eligible for reconsideration of sentence under § 13A-5-9.1.’
“Holt v. State, 960 So.2d 726, 734-35 (Ala.Crim.App.2006).
“Regarding, the determination of whether an inmate is a. violent or nonviolent offender, Ala.Code § 13A-11-70 (1975) provides, in pertinent part:
“‘For the purpose of this division [“The Uniform Firearms Act”], - the following terms shall have the respective meanings ascribed by this section:
[[Image here]]
“‘(2) Crime of Violence. Any of the following crimes or an attempt to commit any of them, namely, murder, manslaughter, (except manslaughter arising .out of the operation of a vehicle),, rape, mayhem, assault with intent to rob, assault with intent to ravish, assault with intent to murder, robbery, burglary, kidnapping and larceny.’
“The fact that crimes are listed in the aforementioned code section as violent does not bind a circuit court in determining whether an inmate is a violent or nonviolent convicted offender within the meaning of § ISA-5-9.1 but it is an important consideration in making that determination. 960 So.2d 726. This court may consider or refuse to consider all factors presented to it by either party. Id. Whether an inmate -is a violent or nonviolent offender is based on the totality of the circumstances. Id.”
(Emphasis added.)
Unquestionably, the circuit court’s statement that a “court, may ... refuse to consider all factors presented to it by eiT ther party” is clearly a misstatement of the law: Holt v. State, 960 So.2d 726, 738 (Ala.Crim.App.2006), specifically states that,
“[i]n determining whether an inmate is a ‘nonviolent convicted offender’ .within the meaning of § 13A-5-9.1, a circuit court is not precluded from considering, *11 nor may it refuse to consider, all of .the factors presented to it by either party;”
Therefore, the circuit court erred in stating that it could refuse to consider all the evidence submitted by the parties. However, this misstatement of the law does not mandate the conclusion reached by the main opinion that the circuit court did refuse to consider the evidence submitted by Harper.
The Court of Criminal Appeals set forth the requirements for determining whether an inmate is a violent or nonviolent offender in Holt, stating:
“Of course, the statutory designation-of an inmate’s underlying offense as a ‘violent offense’ is certainly an important consideration in determining whether an inmate is a ‘nonviolent convicted offender’; nothing in § 13A-5-9.1 or Kirby [v. State, 899 So.2d 968 (Ala.2004),] suggests otherwise. However, the statutory designation of an offense is not the only factor a circuit'court may consider, and the fact that the inmate’s underlying conviction was for an offense’ statutorily defined as a ‘violent offense’ does not preclude a circuit court from considér ing other factors presented to it, such as the facts and circumstances surrounding the underlying offense, the facts' and circumstances surrounding the inmate’s prior convictions, the inmate’s prison record, and any ‘other factors brought before the judge in the record of the case.’ Kirby, 899 So.2d at 974. In determine ing whether an inmate is a ‘nonviolent convicted offender’ within the meaning of § 18A-5-9.1, a circuit court is not precluded from considering, nor may it refuse to consider, all of the factors presented to it by either party. As Holt argued to the circuit court, and argues to this Court, and as the Alabama Supreme Court made clear in, Kirby, whether an inmate is a ‘nonviolent convicted offender’ is based on the totality of the circumstances.
“By totality of-the circumstances, we mean the totality of the information before-the circuit court when it rules on the § 13A-5-9.1 motion. A circuit court is not required to solicit additional information before ruling on such a motion. To-the contrary, a-circuit court may summarily deny a § 13A-5-9.1 motion without holding an evidentiary hearing -or otherwise requiring the*submission of additional evidence not before it as part of the pleadings, if it so chooses. Nothing in § 13A-5-9.1 or Kirby requires otherwise. In addition,, in determining whether an inmate is a ‘nonviolent convicted offender’ within the meaning of § 18A-5-9.1, what weight to afford each factor presented to it is within the circuit court’s discretion.' A circuit court is not required to make specific findings of fact regarding the .weight it affords éach factor, and in reviewing a circuit court’s determination of whether an inmate is a ‘nonviolent convicted offender, ’ this Court will give the circuit court great deference regarding'the weight it afforded the factors presented to it, and we will , presume that the circuit court properly considered and weighed each factor presented, unless the record affirmatively shows otherwise. See, e.g., Prestwood [v. State ], 915 So.2d [580,] 583 [(Ala.Crim.App.2005)] (recognizing the limited appellate review of a motion filed under § 13A-5-9.1).”
960 So.2d at 738 (emphasis added).
In light of the fact that the circuit court in its order recognized that it could consider each factor presented to it. and of the law that the circuit court had discretion in determining what weight to afford .each factor presented to it,, that the circuit court was not required tp make specific findings of fact with regard to each factor, and that *12 a reviewing court gives “great deference” to the circuit court with regard to the weight afforded the factors submitted, and the presumption by a reviewing court that the circuit court properly considered and weighed all the factors, I cannot conclude that the record affirmatively shows that the circuit court did not consider all the evidence presented to it. Contrary to the conclusion in the main opinion, it is just as likely that the circuit court did consider all the evidence presented to it, but, in accordance with Holt, discussed only the factor that it afforded the greatest weight and found to be determinative. It is important to recognize that the circuit court did not state in its order that it refused to consider all the evidence — which would be an affirmative showing on the record; rather, a fair reading of the circuit court’s order in light of the deference afforded the circuit court and the presumption that a circuit court will consider all the evidence presented to it establishes that the circuit court gave great weight to the violent nature of Harper’s offense and little or no weight to Harper’s conduct since his incarceration. Based on the record before us, I cannot agree with the conclusion in the main opinion that the record affirmatively evidences that the circuit court’s determination that Harper is not a “nonviolent convicted offender” was based solely on the statutory designation of his underlying offense.
Finally, this writing is not to be viewed as indicating that I have abandoned my belief as set forth in my dissents in Ex parte Jones, 953 So.2d 1210, 1210 (Ala.2006); and Holt v. State, 960 So.2d 740, 744 (Ala.2006). I adhere to those writings and maintain that as a matter of law a person convicted of a violent offense, as defined in § 13A-11-70, Ala.Code 1975, is a violent offender and is not eligible for sentence reconsideration, pursuant to § 13A-5-9.1, Ala.Code 1975.
For the foregoing reasons, I respectfully dissent.
BOLIN and WISE, JJ,, concur.