On Remand from the Alabama Supreme Court

WELCH, Judge.
On October 20, 1986, John Alfred Harper was convicted of first-degree armed robbery, a Class A felony. The Lee Circuit Court sentenced Harper as a habitual felony offender to a mandatory sentence of life imprisonment without the possibility of parole. In March 2012, Harper filed what is at least his fourth motion for sentence reconsideration pursuant to § 13A-5-9.1, Ala.Code 1975. Without requiring a response from the State, the circuit court denied Harper’s petition on November 13, 2012. In December 2013, this Court affirmed that denial in an unpublished memorandum. See Harper v. State, 173 So.3d 6 (Ala.Crim.App.2013) (table). Harper then petitioned the Alabama' Supreme Court for certiorari review. On February 15, 2015, the Alabama Supreme Court reversed this Court’s judgment. Ex parte Harper, 189 So.3d 1 (Ala.2015).
In its order denying Harper’s petition, the circuit court stated that, in pertinent part:
“The' fact that crimes are listed in [§ 13A-11-70, Ala.Code 1975,] as violent does not bind a circuit court in determining whether an inmate is a violent or nonviolent convicted offender within the meaning of § 13A-5-9.1 but it is an important consideration in making that determination. [Holt v. State, ] 960 So.2d 726 [(Ala.Crim.App.2006)]. The court may consider or refuse to consider all factors presented to it be either party. Id. Whether an inmate is a violent or nonviolent offender is based on the totality of the circumstances. Id.
“The Alabama Court of Criminal Appeals affirmed the Circuit Court’s determination in its Order dated March 9, 2010, that [Harper] is a violent offender, and thus, not eligible for reconsideration. John Alfred Harper v. State of Alabama, CR-09-1026 (Ala.Crim.App.2010). The Court stated in its Order, regarding the original Robbery offense [Harper] was convicted of, ‘[Harper] concedes that he “entered a local business on foot, abducted a female clerk at knife point and released her approximately two blocks from the store.” This offense is obviously a violent offense pursuant to Statutory Authority and reasonable application of the meaning of “violent.”’”
(C. 34.)
The Alabama Supreme Court, in an opinion authored by Chief Justice Roy Moore in which only one Justice concurred fully, held that, in denying Harper’s petition, “the circuit court did not consider all the factors and evidence, including records of the Department of Corrections, that Harper presented with his Kirby motion.” Ex parte Harper, 189 So.3d at 7. Thus, it held, “the circuit court did not consider the totality of the circumstances.” Id.
In accordance with, the directions of the Alabama Supreme Court, we reverse the circuit court’s order denying Harper’s petition, and we remand the case to the circuit court for proceedings consistent with the Alabama Supreme Court’s opinion in Ex parte Harper, supra.
REVERSED AND REMANDED.
WINDOM, P.J.,- and KELLUM, BURKE, and JOINER, JJ., concur.